### In re MIRIAM OSBORN MEMORIAL HOME ASS'N.

(Supreme Court, Special Term, Westchester County. December, 1912.)

1. TAXATION (§ 241*)—EXEMPTION.

Property of a charitable association, which has been continuously and exclusively used for the purposes of the association, by growing hay thereon which was used exclusively for its live stock, and by raising other crops used by its beneficiaries, was exempt from taxation under Tax Law (Consol. Laws 1909, c. 60) § 4, subd. 7, exempting the realty of a charitable corporation used exclusively for charitable purposes.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 389–393; Dec. Dig. § 241.*]

2. TAXATION (§ 241*)—EXEMPTIONS—PROPERTY OF CHARITABLE CORPORATIONS.

Under Tax Law (Consol. Laws 1909, c. 60) § 4, subd. 7, providing that the real property of a charitable corporation shall be exempt from taxation, though not in actual use because of absence of suitable buildings, if the erection of such buildings is in good faith contemplated, where the directors of a charitable corporation had frequently discussed the erection of buildings on its land, and a fund for that purpose had been started, such realty was exempt from taxation.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 389–393; Dec. Dig. § 241.*]

In the matter of the application of the Miriam Osborn Memorial Home Association for writ of certiorari to review the action of assessors in assessing relator's property. Judgment exempting property from assessment.

J. Addison Young, of New York City, for relator.
Graves & Miles, of New York City, for assessors.

MORSCHAUSER, J. [1] The relator in this proceeding is entitled to judgment exempting the property referred to in the petition from taxation under subdivision 7 of section 4 of the Tax Law. The evidence given before me shows conclusively that the property in question has been continuously and exclusively used for the purposes of the association since its acquisition. It appears from the evidence that upon tract 6, from the time the association acquired it, hay has been grown, which has been harvested regularly and used exclusively by the live stock of the association. It also appears that tract 7 has for the same period been used continuously and exclusively for raising mangels and other crops, which have been similarly used by the associ-

ation, as well as for raising potatoes for consumption by the beneficiaries of the association. In my opinion, the property is entitled to exemption.

[2] In addition to this, it is claimed that the property is also exempt from taxation because the association in good faith contemplated the erection of one or more buildings upon it for the exclusive use of the association. In support of this contention Mr. Jacob Halstead, a well-known member of the Westchester bar, and for many years one of the directors of the association, gave testimony that such was the plan of the directors, that it had been discussed frequently at their meetings, and that a fund was already in existence which could be used for that purpose. This testimony, standing, as it does, undisputed, given in good faith, is also sufficient to exempt the property from taxation. "It is not necessary that every particle of the real estate should be devoted to the location of buildings and the laying out of the grounds of the institution." People ex rel. Blackburn v. Barton, 63 App. Div. 581, 583, 71 N. Y. Supp. 933, 935. It is sufficient if the construction of buildings or improvements on the land "is in good faith contemplated."

The evidence given before me further shows that the association has a comprehensive plan for the development of the property already owned by it. The witnesses on behalf of the association, when explaining the map offered in evidence, drew my attention to contiguous tracts now owned by the president of the association individually, which, in whole or in part, it was stated he would convey to the association from time to time as it was needed to complete the general plan for the development of the charitable purposes of the association. The exemption privilege is appurtenant to all land now or hereafter acquired by the association in good faith for its uses in the development of the charitable purposes for which it was incorporated. A glance at this map shows that the two tracts in dispute in this proceeding are very essential to carry out this plan in connection with the tract already owned by the association, and will also be more important when the proposed additional land is acquired. The acquisition of these two tracts gives the association a frontage and outlet on the Boston Post Road, the main thoroughfare between New York and Boston, which the association did not enjoy before; and, furthermore, the acquiring of these two tracts is evidently very important to the association, because of the protection given the property against undesirable buildings or business which might otherwise exist on the two tracts in question.