SIOUX FALLS LODGE, NO. 262, Benevolent and Protective Order of Elks, Appellant, v. MUNDT, County Treasurer, Respondent.

(156 N. W. 799.)

(File No. 3947. Opinion filed March 13, 1916.)

**Taxation—Exemptions—Unimproved Realty of Fraternal Order—Prospective Use—Constitution—Statute.**

> A tract of realty owned by a lodge of a fraternal order, purchased with the intention of using it exclusively for lodge purposes and with intent to erect thereon a new building for such use, there being no building upon it as yet, and there being no plan or intention to begin such erection until the building and ground already owned by the order could be sold and the proceeds thereof applied to the erection of a new building, is not used for charitable purposes, within Const. Art. 11, Sec. 6, requiring the Legislature to exempt from taxation, among other property, that used exclusively for charitable purposes, and Pol. Code, Sec. 2056, exempting from taxation property used exclusively for charitable purposes; since the use contemplated by the Constitution must be a present, immediate use, and must be more than a plan, however definite, to put the property to such use at an indefinite time in future.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by the Sioux Falls Lodge, No. 262, Benevolent and Protective Order of Elks, against Charles F. Mundt, as County Treasurer of Minnehaha County, to recover back taxes paid under protest. From a judgment for defendant, plaintiff appeals. Affirmed.

*Bates & Bates,* for Appellant.

*Charles V. Caldwell,* for Respondent.

Appellant cited: Const., Art. 11, Sec. 6; Pol. Code, Sec. 2056, Subd. 3; New England Hospital v. Boston, 113 Mass. 518; House of Refuge v. Smith, 21 Atl. 353; Re Miriam Osborn Memorial Home Assn., 140 N. Y. Supp. 786; Trustees of Wes-

leyan Academy v. Inhabitants, 99 Mass. 599; Mass. Gen. Hosp. v. Inhabitants, 101 Mass. 319; State v. Haight, 35 N. J. L. 40; State v. Jersey City, 41 N. J. L. 471; State v. Binninger, 42 N. J. L. 528; State v. Hancock, 35 N. J. L. (6 Vroom.) 537; County of Ramsey v. C. M. & St. P. Ry Co., 33 Minn. 537, 24 N. W. 313; St. Paul M. & M. Ry. Co. v. St. Paul, 39 Minn. 112, 38 N. W. 925; People ex rel. Blackburn v. Barton, 63 App. Div. 581, 71 N. Y. Supp. 933.

Respondent cited: Parson's College v. Kalamazoo, (Mich.) 131 N. W. 553, 33 L. R. A. (N. S.) 921; Green Bay Canal v. Ontagami County, (Wis.) 45 N. W. 536; Nugent v. Dilworth, (Ia.) 63 N. W. 488; Ramsey County v. McAllister College, (Minn.) 18 L. R. A. 278; St. Paul's Church v. Concord, 22 Am. & Eng. Ann. Cases, 356 and 359, and note; Redemptorist Fathers v. Boston, 129 Mass.   ; 12 Am. & Eng. Enc. of Law, 323; State v. Board of Equalization, 16 S. D. 219.

POLLEY, P. J. Appellant is a local chapter or lodge of the Benevolent and Protective Order of Elks, in Sioux Falls. Respondent is the county treasurer of Minnehaha county. For some time past, appellant has owned a building used by it for lodge rooms and other purposes connected with the organization. In the month of October, 1913, it purchased a certain tract of ground, described in the complaint, upon which it intends to erect a new building to be used exclusively for lodge purposes. During the year 1914 and before the erection of any building thereon had been commenced, the said tract of ground was assessed for taxation and certain taxes levied against the same. Appellant paid said taxes to the county treasurer, but did so under protest, and brought this action to recover the amount so paid back from the county.

Appellant bases its right of recovery upon the provisions of section 6, article 11, of the Constitution. This section reads as follows:

"The Legislature shall, by general law, exempt from taxation, property used exclusively for agricultural and horticultural societies, for school, religious, cemetery and charitable purposes, and personal property to any amount not exceeding in value two hundred dollars for each individual liable to taxation."

Pursuant to the provisions of said section, the Legislature

enacted section 2056 of the Political Code, which reads, in part, as follows:

"All property described in this section to the extent herein limited shall be exempt from taxation. * * * Third. All property belonging to any charitable, benevolent or religious society, or used exclusively for charitable, benevolent or religious purposes."

The Constitution authorizes the exemption only of property that is used exclusively for the purposes therein enumerated, so that the first clause of the above subdivision need be given no consideration. State v. Board, 16 S. D. 219, 92 N. W. 16. It is contended by respondent that the property in question is not used exclusively for any of the purposes enumerated in the Constitution, and with this contention we fully agree. The mere fact that the said ground was purchased with the intention of using it exclusively for lodge purposes at some time in the future is not sufficient. There is no building of any kind on it at present, and, until a building is erected thereon, it is not claimed that it can be used for any such purposes. The building already owned by appellant answers all its purposes, and there is no plan or intention on the part of appellant to begin the erection of a building on the ground occupied thereby can be sold. In fact appellant is depending upon the proceeds of the sale of the property now in use for a fund with which to erect the new building.

The rule of law applicable to this case seems to be well settled. This court held, in State v. Board, supra, that property to be exempt under the Constitution must be used exclusively for some of the enumerated purposes. This implies that the use must be a present immediate use, and certainly it means more than a plan, however definite, to put the property to such use at an indefinite time in the future. Montana Catholic Missions v. County, 13 Mont. 559, 35 Pac. 2, 22 L. R. A. 684; All Saints Parish v. Brookline, 178 Mass. 404, 59 N. E. 1003, 52 L. R. A. 778; Institute of Holy Angels v. Ft. Lee, 80 N. J. Law, 545, 77 Atl. 1035; Ramsey County v. Macalester College, 51 Minn. 437, 53 N. W. 704, 18 L. R. A. 278. In Re Miriam Osborn M. H. A., 140 N. Y. Supp. 786, it is said:

"It is sufficient if the construction of buildings or improvements on the land 'is in good faith contemplated.' "

But, in that case, the land in question was already in use for purposes of the association, and there was on hand a fund with which to erect the contemplated building. In this case the fund with which the building is to be erected cannot be raised until the property occupied by the old building is sold. The date when this will happen is necessarily uncertain, and, in the meantime, the members or manager of appellant may change their plans and the building may never be built at all.

This disposes of the case, and it is not necessary to determine whether a building used exclusively for lodge purposes is exempt from taxation under the said constitutional provision, and we express no opinion upon that question.

The judgement appealed from is affirmed.

GATES, J., being a member of appellant, does not participate in this decision.