THE PEOPLE OF THE STATE OF NEW YORK ex rel. MIZPAH
  LODGE No. 518 OF THE INDEPENDENT ORDER OF ODD
  FELLOWS, Respondent, *v.* WILLIAM J. BURKE et al., as
  Assessors of the City of Buffalo, Appellants.

**Tax Law — exemption of property owned and used by chari-
table  and  benevolent  association — subordinate  lodge  of
fraternal order owning building which it occupies and also
rents to other associations — when not entitled to exemption
from taxation.**

1. The policy of the law is to construe statutes exempting property
from taxation somewhat rigidly, and not to permit such exemption to
be established by doubtful implication. The legislative intent to
exempt any property from taxation can never be presumed, but must
always be expressed in language so clear as to admit of no argument.

2. Where relator, an unincorporated lodge of a fraternal order, owns
a building containing halls, lodge and other rooms, which it uses itself
part of the time and also leases regularly to tenants, fraternal bodies
or other associations for their meetings and social gatherings, such
property is not exempt from taxation as property owned by, and used
exclusively for the purposes of, a charitable, benevolent or educational
assocation, under subdivision 7 of section 4 of the Tax Law (Cons.
Laws, ch. 60).

3. Relator's real property is not entitled to exemption because, as
claimed, it was " the real property of a fraternal  *  *  *  associa-
tion created to build and maintain a building or buildings for its meet-
ings  *  *  *  and for the accommodation of other fraternal bodies or
associations " and applies its net income to a home for indigent mem-
bers of its order, their widows and orphans.   It was not brought into
being for that purpose.   Relator's enterprise is charitable rather than
mercenary, but it is not the kind of charitable enterprise that comes
within the letter of the statute, and the courts cannot construe the
law for its benefit.

4. Although the referee found as a fact, which has been unani-
mously affirmed by the Appellate Division, that the relator was created
to build and maintain its building for the purposes indicated, such
finding is a conclusion of law in conflict with the facts as found and is
not controlling on this appeal.

*People ex rel. Mizpah Lodge* v. *Burke*, 190 App. Div. 930, reversed.

(Argued February 24, 1920; decided March 9, 1920.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 30, 1919, which affirmed an order of Special Term exempting the relator from taxation of its real property in the city of Buffalo.

The facts, so far as material, are stated in the opinion.

*William S. Rann, Corporation Counsel (George J. Feldman* of counsel), for appellants.    Relator is not entitled to exemption from taxation under section 4, subdivision 7, of the Tax Law.    (*People ex rel. Andrews* v. *Cameron,* 140 App. Div. 76; 200 N. Y. 585; *People ex rel. Savings Bank* v. *Coleman,* 135 N. Y. 231; *People ex rel. D. K. E. Socy.* v. *Lawler,* 74 App. Div. 553; 179 N. Y. 535; *People ex rel. Delphian Lodge* v. *Cahoon,* 179 App. Div. 287; *People ·ex rel. B. P. O. E.* v. *Purdy,* 179 App. Div. 805; *People ex rel. Catholic Union* v. *Sayles,* 32 App. Div. 203; 151 N. Y. 679; *People ex rel. Y. M. A.* v. *Sayles,* 32 App. Div. 197; *People ex rel. S. M. Temple* v. *Ostrander,* 105 Misc. Rep. 405.)

*H. H. Bacon* for respondent.    The real property of the relator is entitled to exemption from taxation.    (*F. U. Society* v. *Hartford,* 66 Conn. 368; *St. Paul's Church* v. *Concord,* 75 N. H. 420; *T. G. Seminary* v. *Kramer,* 5 Ky. L. R. 418; *People ex rel. Delphian Lodge* v. *Cahoon,* 179 App. Div. 287; *Matter of Carthage Lodge,* 230 Fed. Rep. 694; *Curtis* v. *Odd Fellows,* 99 Me. 356; *People ex rel. S. M. Temple* v. *Ostrander,* 105 Misc. Rep. 406.)

POUND, J.    Relator claims to be exempt from general taxation on its real property under subdivision 7 of section 4 of the Tax Law (Laws 1909, ch. 62, as amended; Cons. Laws, ch. 60).    It is an unincorporated subordinate lodge of the Independent Order of Odd Fellows of the state of New York.    It owns real estate in the city of Buffalo on which it has a building containing halls, lodge room, kitchen and other rooms, which it uses itself part of the time and also leases regularly to tenants —

fraternal bodies or other associations — for their meetings and social gatherings.

Exemption is sought on the ground that relator, " organized exclusively for the moral or mental improvement " of its members and for " religious, charitable, benevolent and educational purposes " uses its property " exclusively for carrying out thereupon " such purposes of its organization.

The referee has not found the facts which sustain the contention of exclusive use. We think the practice of leasing the property to others destroys the exclusive nature of the use for the purposes of its own organization. The meaning of the Tax Law is that if rents, profits or income are derived from the property, no exemption under this clause may be claimed.

" It is the exclusive use of the real estate for carrying out thereupon one or more of the purposes of the incorporation of the relator which confers the right of exemption, and not the benefits accruing to it and its useful work from the income derived from others in consideration of their use of the real estate for their purposes." (*People ex rel. Young Men's Assn.* v. *Sayles,* 32 App. Div. 197, 202; affd., on opinion below, 157 N. Y. 677.)

Relator is primarily a lodge of a fraternal order and incidentally a landlord. Its premises are used in part time for its own fraternal purposes and in part are " leased or otherwise used for other purposes " to produce an income to promote its own purposes. The fact that some or all of its tenants are other fraternal bodies does not alter the case. The controlling fact is the receipt of rents, profits and income. (*People ex rel. Adelphi College* v. *Wells,* 97 App. Div. 312; affd., 180 N. Y. 534.)

"Although we ought not, perhaps, to give to the word ' exclusively ' an interpretation so literal as to prevent an occasional use of the relator's property for some purpose other than one or more of those specified, yet the policy of the law is to construe statutes exempting property

from taxation somewhat rigidly, and not to permit such exemption to be established by doubtful implication. In other words, the legislative intent to exempt any property from taxation can never be presumed, but must always be expressed in language so clear as to admit of no argument." (*People ex rel. D. K. E. Society* v. *Lawler*, 74 App. Div. 553, 557; affd., 179 N. Y. 535.)

Relator seeks exemption, secondly, on the ground that it is a fraternal association " created to build and maintain a building or buildings for its meetings    *    *    *    and for the accommodation of other fraternal bodies or associations " and that it applies its net income to a home for indigent Odd Fellows, their widows and orphans. The statute exempts the real property of associations which answer this description. But relator was created for the purposes of an Odd Fellows' lodge, nor does it now exist for the purpose of leasing its property. It has the power to lease such property (Benevolent Orders Law [Cons. Laws, ch. 3], § 3), but its primary and inherent purpose is the fraternal end or aim itself, which it must keep in view, while its powers are merely the incidental authority, capacity or right which it possesses to do such acts as may effectuate its purposes.

When we infer from the mere power to hold and lease real property conferred on lodge trustees by section 3 of the Benevolent Orders Law, that relator was " created to build a meeting place for itself and other fraternal bodies or associations," we confuse the meaning of purpose and power, which are not synonymous, and lose sight of the true purpose for which an Odd Fellows' lodge is created, which is not to maintain a hall for itself and to lease lodge rooms and other quarters to fraternal and other associations for their social and festive functions, but to promote the welfare of its own members as a fraternal organization. Corporations or associations may be created for the purpose of building and leasing such a meeting place as the statute contemplates, but mere subordinate lodges of

fraternal orders are not created for that purpose.  The disposition of the net income to charitable purposes does not help the case.  Relator's enterprise is charitable rather then mercenary, but it is not the kind of charitable enterprise that comes within the letter of the statute.  If it had been the intention of the legislature to exempt from taxation all lodge buildings the net income of which was devoted to charitable purposes, it would doubtless have expressed such intention without the use of unnecessary or ambiguous words.  So long as the state has not clearly indicated its deliberate purpose to look with special favor upon the use of lodge property for all the purposes that relator uses its property for, we may not construe the law for its benefit.

The referee has found as a finding of fact, and the findings have been unanimously affirmed, that the relator was created to build and maintain its building for the purposes indicated.  This, however, is a conclusion of law in conflict with the facts found, and not controlling on this appeal.

The orders should be reversed and the writ of certiorari dismissed, with costs in all courts.

HISCOCK, Ch. J., COLLIN, HOGAN, McLAUGHLIN, ANDREWS and ELKUS, JJ., concur.

Orders reversed, etc.