PEOPLE ex rel. BUFFALO CONSISTORY, etc., Relator, *v.* JOHN C. BETZ et al., Assessors, etc., Respondents.

(Supreme Court, Erie Special Term, January, 1921.)

Tax Law, § 4(7) — real estate of fraternal corporation, if leased, not exempt from taxation. .

   Power to lease given by the by-laws of a fraternal corpora-tion is not equivalent to a declared purpose to lease set forth in its incorporation papers, and where such a corporation, having leased its real estate to other fraternal bodies at an annual rental, fails to establish that it was created for that purpose, the real estate is not exempt from taxation under section 4(7) of the Tax Law.

MOTION to confirm report of referee in certiorari proceedings to obtain exemption from taxation of relator's real estate.

George J. Feldman, for motion.

George L. Pomeroy, opposed.

BROWN, J. The relator seeks exemption from taxa-tion of the southerly parcel of its real estate, upon the ground that it is a fraternal corporation created to maintain its cathedral building for its meetings

and for the accommodation of other fraternal bodies or associations, the entire net income of which is exclusively applied   or to be used to maintain the Masonic Home at Utica, under the provisions of section 4, subdivision 7, of the Tax Law.  The cathedral building is used by the relator for two purposes: For its meetings and for the meetings of other associations.  For the occupation of this building by the other associations   an annual rental is charged.  The purpose of the use of this real estate by the relator for its meetings seems to be established and declared in the certificate of the incorporation of the relator in 1902.  In 1905 the relator surrendered its charter of 1902 and elected to become incorporated under the provisions of the Benevolent Orders Law.  Nothing seems  to have been done to carry such election into execution, save to file such election with the secretary of state.  It is very doubtful whether there can be found in the record submitted a stated purpose set forth  in the relator's incorporation  papers that the cathedral is maintained for its meetings.  Assuming, however, that such purpose existed,  it is believed that it can not be established from the record that the use of relator's property by other associations is based upon an existing, stated purpose set forth in its incorporation  charter.  It seems to be the law that if the relator's real estate be rented to other associations, the purpose of such leasing must be set forth in the relator's charter, or exemption will be denied it. *People ex rel. Mizpah Lodge* v. *Burke,* 228 N. Y. 245.

In July, 1915, the relator's  by-laws were  adopted providing that its real estate " shall not be rented or let to any person, corporation, association or body, except to other fraternal corporations, associations or  bodies."  This by-law is permissive only.  Under it the relator's trustees have undoubted power to lease

Supreme Court, January, 1921.        [Vol. 114.

relator's real estate to other fraternal bodies. They have that power under the Benevolent Orders Law. Power to lease is not equivalent to a declared purpose to lease, made evident at relator's creation. *People ex rel. Mizpah Lodge* v. *Burke, supra.* The quoted by-law is not a statement that the relator's real estate is maintained for the accommodation of other fraternal bodies. The plain reading of the by-law is to the effect that if the real estate be rented it shall be rented only to other fraternal bodies. Does the granting of the restricted power to lease only to other fraternal bodies comply with the statutory requirement that the relator must have been created to maintain its building for the accommodation of other fraternal bodies, if it leases to others? In view of the strict interpretation by the Court of Appeals in *People ex rel. Mizpah Lodge* v. *Burke, supra,* of the statute under consideration, the holding must be that the relator has not established that it was created for the purpose of leasing its real estate. In that case it was held that the creation of the fraternal association for the purpose of affording accommodation to other fraternal bodies could not be inferred from the existence of power to lease its real estate for the accommodation of other fraternal bodies. The relator, having leased its real estate and not having established that it was created for that purpose, is not entitled to the benefit of the statute. Motion to confirm will be granted.

Motion granted.