PEOPLE OF THE STATE OF NEW YORK ex rel. THE OLEAN MASONIC CORPORATION, Relator, *v.* CHARLES BREDER and Others, as Assessors of the City of Olean, Cattaraugus County, New York, and Constituting the Board of Assessors of Said City, Defendants.

Supreme Court, Cattaraugus County, October, 1923.

Taxation — exemptions — property held and owned by corporation for fraternal purposes, from which no income is derived, not exempt under section 4, subdivision 7, of Tax Law.

A parcel of land held and owned by a corporation for Masonic fraternal and benevolent purposes, from which no rents, profits or income are derived or expected, is not exempt from taxation under section 4(7) of the Tax Law, though the corporation in good faith contemplates the erection of a temple thereon to be used exclusively for Masonic purposes.

CERTIORARI to review assessment in Olean, N. Y.

*Allen J. Hastings,* for petitioner.

*Henry Donnelly,* for respondents.

554    People ex rel. Olean Masonic Corp. *v.* Breder.

Supreme Court, October, 1923.                    [Vol. 121]

Pooley, J.   The relator owns a parcel of land in Olean, N. Y., 300 feet front on Laurel street and about 300 feet deep, and bounded on the west by North Second street and on the east by North First street.   For the purposes of taxation the board of assessors has fixed and determined the value of said property at $34,140, after a hearing on grievance day when they refused the application of the relator to exempt this property from taxation.

The exemption was asked pursuant to subdivision 7 of section 4 of the Tax Law of the state, upon the ground that the property is held and owned for Masonic fraternal and benevolent purposes and that no rents, profits or income are derived or expected to be derived from such property and that the construction of a Masonic temple thereon, to be used exclusively for Masonic purposes, and from which no profits or income will be derived, is in good faith in contemplation.

Subdivision 7 of section 4 of the Tax Law provides that the following property shall be exempt:   The real property of a corporation or association organized exclusively for the moral or mental improvement of men or women, or for religious, charitable, benevolent and other purposes and used exclusively for carrying out thereupon one or more of such purposes, " *provided* that the real property of any fraternal corporation, association or body created to build and maintain a building or buildings for its meeting or meetings of the general assembly of its members, or subordinate bodies of such fraternity and for the accommodation of other fraternal bodies or associations, the entire net income of which real property is exclusively applied or to be used to build, furnish and maintain an asylum or asylums, a home or homes, a school or schools, for the free education or relief of the members of such fraternity,   *   *   *   their wives, widows or orphans   *   *   *."

This corporation is a separate entity holding title to the premises. The various Masonic bodies which will use the contemplated building may or may not be corporations.   The cost of maintenance, heating and lighting, etc., must be provided by the owner, or must be charged in some equitable way against the various bodies using it, because, so far as appears, the corporation has no property other than the vacant lot, and no means of acquiring any except from contributions, etc.   The probable method will be a payment by the several bodies, in lieu of rent, of a sum sufficient for maintenance.

It seems to me that the statute contemplates, in a case like this, a charge for the use of the premises by the various bodies to produce income, and also that this charge should be for such an amount as will create a fund for the ultimate building of an asylum, home

or school for the free education or relief of the members, their wives, widows or orphans.   There seems to be no other means for creating a net income.

It is clear that the property is for the use of fraternal organizations.   Article 2 of the charter provides that the purposes and objects are to acquire real estate and construct and maintain a hall, temple or other buildings for the fraternal use and benefit of the various Masonic bodies of Olean, and, therefore, the relator comes within the proviso above quoted; and as there is nothing to indicate that it has in contemplation any net income, or any intention of creating income for the purpose of building an asylum, home or school, etc., the exemption cannot be claimed.

The statute makes the distinction between a fraternal association and one that is not fraternal.   This is readily understood.   In a sense, any organization of men for their moral and mental improvement is fraternal, but the statute recognizes the organizations familiar to all, such as the Masonic orders, Odd Fellows, Knights of Columbus and many others, distinctly fraternal as distinguished from Bible, tract, charitable, benevolent, etc., societies.

My judgment is that in order to claim exemption the organization — assuming it to be for the moral or mental improvement of its members, and being a fraternal association within the accepted meaning of the term — must have in contemplation an income, the entire net proceeds of which shall be devoted to providing and maintaining an asylum, home or school for free education or relief of its members, their wives, widows or orphans.

The relator, as at present organized, does not come within this definition, and its property is, therefore, taxable.

Primarily all property is taxable, and when exemption is claimed the reason for it must clearly appear.   " The policy of the law is to construe statutes exempting property from taxation somewhat rigidly, and not to permit such exemption to be established by doubtful implication.   In other words, the legislative intent to exempt any property from taxation can never be presumed, but must always be expressed in language so clear as to admit of no argument."   *People ex rel. D. K. E. Society* v. *Lawler,* 74 App. Div. 553, 557, cited with approval in *People ex rel. Mizpah Lodge* v. *Burke,* 228 N. Y. 245.

This proceeding should, therefore, be dismissed, with costs.

Ordered accordingly.