THE PEOPLE OF THE STATE OF NEW YORK ex rel. TROY MASONIC HALL ASSOCIATION, Relator, *v.* JOHN W. BYRNE and Others, Comprising the Board of Assessors of the City of Troy, New York, and Another, Respondents.

Supreme Court, Albany Special Term, April, 1925.

Taxation — exemption — petitioner is Masonic holding corporation created by Laws of 1871, chap. 41 — purpose of corporation is to purchase and hold buildings for use of Masonic fraternity in city of Troy — corporation is under control of board of trustees — exemption provision in statute creating corporation was superseded by Tax Law — exemption is to be determined by Tax Law, § 4, subd. 7 — property of corporation is not exempt — question of excessive assessment is referred.

The exemption provision contained in chapter 41 of the Laws of 1871 creating the petitioner a corporation to purchase and hold property for the use of the Masonic fraternity of the city of Troy, which corporation is under the management and control of a board of trustees, was superseded by subdivision 7 of section 4 of the Tax Law and the question as to the right of the petitioner to have its real property exempt from taxation must be determined by the Tax Law.

The object and purpose of the petitioner is fixed and defined by the act which created it and such object is the erection and maintenance of a building for Masonic purposes, and the petitioner is not, therefore, a corporation organized for charitable or benevolent purposes within the meaning of those terms as used in subdivision 7 of section 4 of the Tax Law, and its property is not exempt from taxation.

The question of excessive assessments will require testimony for its proper disposition, and, therefore, that question is referred to a referee to take testimony as to the alleged erroneous valuation and assessment.

PROCEEDING involving exemption of real property of fraternal corporation from taxation.

*Hayner & Ward* [*William C. Gordon* of counsel], for the relator.

*F. C. Filley, Corporation Counsel,* for the respondents.

STALEY, J.:

The relator is a corporation created by chapter 41 of the Laws of 1871. It is the owner of three parcels of real estate in the city of Troy, N. Y.

On parcel No. 1, a Masonic temple was erected about the year 1871, and the same was used by the several Masonic bodies of Troy, except two stores on the ground floor, which were rented for business purposes, and the rents received therefrom applied toward the maintenance of the property and for the purposes of the Masonic order, until February 4, 1924, when the structures thereon were destroyed by fire.

Parcel No. 2 was purchased by the relator in March, 1924, and

adjoins parcel No. 1. It was purchased to provide a more adequate site for the erection of a new temple. The structure on it is an old dwelling house which produces no income, and which has been used since its purchase for a meeting place for the trustees of the relator and for certain other purposes of the Masonic order.

Parcel No. 3 consists of vacant property on Eighth and Ninth streets in the city of Troy, which likewise produces no income.

These three parcels of real property were assessed by the respondents and placed upon the assessment roll of the city of Troy for the year 1925.

The relator claims that these properties are exempt from taxation, and if not exempt that the assessments are excessive and unequal.

By the act of its incorporation the management of the business and affairs of the relator is vested in a board of trustees, which is composed of one member from each Masonic body working in the city of Troy, owning ten shares of the stock of the corporation, and three additional members chosen from the stockholders.

It is provided by section 10 of this act that " This corporation shall be exempt from taxation on its real and personal property so long as the same is used for masonic purposes, as provided in this act."

A claim of exemption is predicated upon this provision. Such a claim cannot be sustained if the privilege afforded by this provision has been superseded or repealed by subsequent legislation, and I am constrained to hold that such has been the effect of the provisions of the Tax Law originally enacted in 1896 (Laws of 1896, chap. 908).

In *Matter of Huntington* (168 N. Y. 399, 408) the Court of Appeals held that the Tax Law of 1896 was such a revision and substitute for all former statutes, *general and special,* upon the subject of exemption from taxation, as to supersede and repeal them by implication.

In *Pratt Institute* v. *City of New York* (183 N. Y. 151), where a provision in the act of incorporation of the Pratt Institute (Laws of 1887, chap. 398) declaring that its real property shall not be subject to local taxation was asserted as the basis of absolute exemption, the Court of Appeals again considered the effect of the provisions of the Tax Law and reiterated its former holding and stated that " The new enactment is substituted in the place of all statutes previously existing and becomes the sole rule of action."

The claim of the relator for exemption must, therefore, be tested by recourse to the provisions of subdivision 7 of section 4 of the Tax Law, as amended by Laws of 1924, chapter 489.

Under this subdivision the real property of any charitable or benevolent corporation, used exclusively for carrying out thereupon such purposes, shall be exempt from taxation, and such real property shall also be exempt if held for such purpose and no rent or income is derived though not in actual use by the absence of suitable buildings if construction is in progress or is in good faith contemplated. This subdivision further provides: " That the real property of any fraternal corporation, association or body created to build and maintain a building or buildings for its meeting or meetings of the general assembly of its members, or subordinate bodies of such fraternity and for the accommodation of other fraternal bodies or associations, the entire net income of which real property is exclusively applied or to be used to build, furnish and maintain an asylum or asylums, a home or homes, a school or schools, for the free education or relief of the members of such fraternity or for the relief, support and care of worthy and indigent members of the fraternity, their wives, widows or orphans, shall be exempt from taxation."

The object of the relator is to " purchase, take and hold suitable grounds and buildings, or to erect on such grounds a suitable building or buildings for the use of the masonic fraternity of the city of Troy, and to be under* the direction and control of a board of trustees hereinafter provided; and said board of trustees may lease as tenements, or for other lawful purposes, such portion of the building or buildings as are not needed for masonic purposes." (Laws of 1871, chap. 41, § 2.)

The object and purpose of the relator is fixed and defined by the enactment which created it, and such object is the erection and maintenance of a building for Masonic purposes. It is not a corporation organized for a charitable or benevolent purpose within the meaning of these terms as used in the Tax Law, and its real property is not entitled to an exemption from taxation by reason of the charitable or benevolent character or activity of the Masonic bodies from which its trustees are chosen or which may be members of the relator or tenants of its buildings. These bodies are separate and distinct entities from the relator and the relator a separate and distinct entity from these bodies. Statutes exempting property from taxation must be strictly construed against the property owner and exemption will not be presumed, but must be plainly expressed. (*People ex rel. Young Men's Assn.* v. *Sayles*, 32 App. Div. 197; affd., 157 N. Y. 677.)

The property has been used and is contemplated to be used by the Masonic fraternity wholly or partly for fraternal purposes, and any right to exemption must come by way of a compliance with

the conditions imposed by the statute to permit the property of fraternal organizations to be exempt. The condition of the statute demands the application of the net income of the property to one of the charitable or benevolent purposes set forth therein. (*People ex rel. New York Lodge No. 1* v. *Purdy,* 179 App. Div. 805; affd., 224 N. Y. 710; *People ex rel. Schenectady O. F. T. A.* v. *McMillan,* 199 App. Div. 268; *People ex rel. Syracuse Masonic Temple* v. *Ostrander,* 105 Misc. 405; *People ex rel. Mizpah Lodge* v. *Burke,* 228 N. Y. 245.)

No obligation to make such application of its income is imposed by the act incorporating the relator, nor as matter of fact has it ever made such application.

What the Masonic bodies which used the property of the relator may have done does not avail the relator in its claim for exemption. (*People ex rel. Mizpah Lodge* v. *Burke, supra.*)

I, therefore, hold that the real property of the relator is not exempt under subdivision 7 of section 4 of the Tax Law (as amd. by Laws of 1924, chap. 489). It will be necessary to take testimony for the proper disposition of the allegations of the petition that the assessments are excessive and an order may be entered dismissing the petition so far as it seeks an absolute exemption as matter of law, and providing for the appointment of a referee to take testimony as to the alleged erroneous valuation and assessment, with direction that the referee report the same to this court with his findings of fact and conclusions of law in accordance with section 293 of the Tax Law, as amended by Laws of 1920, chapter 644.