John W. Sweeny, J.
In this article 7 tax review proceeding respondents oppose petitioner’s application for an order confirming the Referee’s report which concluded that the 449-acre parcel upon which petitioner’s Harriman Campus (Arden House) is situated is entitled to tax exemption pursuant to section 421 of the Real Property Tax Law.
Arden House is an assembly building which contains lodgings, conference and dining facilities which can accommodate as many as 500 persons. The report of the Referee concludes that all of the programs conducted at Arden House during 1972 were educational in nature and therefore petitioner’s use of the property was exclusively for educational purposes within the meaning of section 421 of the enactment.
Respondents contend that there ¡should be no right to a tax exemption because (1) certain conferences held by a number of profit-making corporations which were conducted without any supervision by the university related exclusively to internal affairs of the corporations, vis-a-vis “ educational” programs organized and either directed or taught by university personnel, and (2) this noneducational activity comprised such a substantial amount of petitioner’s use of Arden House from which such a significant amount of its 1972 income was derived as to preclude any finding that the petitioner used Arden House 1 ‘ exclusively ’ ’ for educational purposes.
The undisputed use figures (guest night units) arrived at by the Referee indicate that out of a total of 25,073 units, 24,326 or 97.1% were used by petitioner or other nonprofit organizations for adult educational purposes. The remaining 747 units or 2.9% were used by profit-making corporations. With reference to the total income of $882,054 received in 1972, $847,687 or 96.1% was derived from the nonprofit organizations *719 as compared to $34,367 or 3.9% from the profit-making organizations.
While the court is inclined to agree with petitioner’s contention that the subject matter of the programs conducted by these' profit-making corporations might well be covered by a broad construction of the term "educational” (Matter of Syracuse Univ., 59 Misc 2d 684), another explicit requirement of section 421 has not been met by the petitioner. Paragraph (a) of subdivision 1 of section 421 requires that the exclusive educational use by “by the owning corporation * * * or by another such corporation or association as hereinafter provided shall be exempt from taxation ” (emphasis supplied).
There is no question that the use of Arden House by about a dozen major commercial corporations for in-house conferences and seminars which were not planned, organized or directed by the staff of Columbia University was not a use by petitioner or another tax-exempt corporation within the intent of the statute and this fact distinguishes this case from Matter of Syracuse Univ. {supra). In the Syracuse University case the court noted (p. 688), that the property was "directly and actually used by the petitioner to teach students with faculty, either professional or non-professional, retained by the university in courses of instruction planned and organized under university direction. ’ ’
In the instant proceeding the record indicates that, almost without exception, these profit-making corporations planned, organized and conducted the conferences without any participation by the petitioner. The university’s control over these activities was no more than that which would' have been exercised by any commercial hotel or motel management had their facilities been rented out for conference purposes.
However, the court is satisfied that this outside use is comparatively insubstantial and that a 3% to 4% nonconforming use is well within the bounds accepted by the Court of Appeals in People ex rel. Watchtower Bible and Tract Soc. v. Haring (8 N Y 2d 350), and well below that percentage considered to be excessive by that court in Board of Foreign Missions v. Board of Assessors (244 N. Y. 42). Certainly this case does not even suggest the situation presented to the Court of Appeals in People ex rel. Mispah Lodge v. Burke (228 N. Y. 245) where the petitioner “ regularly ” leased its rooms to tenants.
A review of these precedents clearly indicates that the nonconforming use in this case is not substantial enough to deprive petitioner of its tax-exempt status. The use of the word *720 ‘ ‘ exclusively ’ ’ in section 421 is not to be interpreted so literally as to preclude an occasional nonconforming use and thereby defeat the settled purpose of the statute which is to encourage, foster and protect educational institutions (People ex rel. Watctower Bible and Tract Soc. v. Haring, supra p. 358; People ex rel. Mizpah Lodge v. Burke, supra; Temple Grove Seminary v. Cramer, 98 N. Y. 121).
Accordingly, the court will confirm the conclusion of the Referee’s report for the reasons stated herein.