UNCONSOLIDATED LAWS, § 8929; TAX LAW, §§ 210(3)(a)(2)(C) and (D)and 632(b)(2-a)
Gross receipts tax imposed pursuant to Unconsolidated Laws, section 8929 on professional or amateur boxing, sparring or wrestling matches was not changed by chapter 802 of the Laws of 1975.
HON. JAMES A. FARLEY, JR. Chairman, Division of State Athletic Commission
This is in reply to your letter in which you request my opinion as to whether the tax provisions of McKinney's Unconsolidated Laws, § 8929 ("Sports") as amended by chapter 666 of the Laws of 1952 are affected by the enactment of chapter 802 of the Laws of 1975 which amended the law imposing taxes on corporations and individuals.
McKinney's Unconsolidated Laws, § 8929 imposes a 5% tax on the gross receipts from any professional, amateur boxing, sparring or wrestling match or exhibition including "the gross price" chargeable for the sale, lease or other exploitation of broadcasting, television and motion picture rights of such contests.
By the 1975 Amendment to the Tax Law, income from the transmission and exhibition of events by closed circuit and cable television, is now excluded from franchise and personal income taxes imposed by the State of New York.
Under the provisions of Tax Law Article 9-A, § 210, only that portion of a general business corporation's entire net income that is allocable to New York State is subject to payment of a franchise tax. In determining the New York portion of a corporation's income from business, allocable to New York State where the corporation does business within and without the State, the statute prescribes that three factors be taken into account, namely, property, receipts, and payroll. The percentage of the taxpayer's total property that is situated in New York State, the percentage of the taxpayer's total receipts that are earned in New York State, and the percentage of the taxpayer's total payroll that is computed in New York are all ascertained, and an average of the figures from the three factors noted above is then struck. The resulting figure, referred to in the statute as a business allocation percentage, is multiplied by the taxpayer's total business income to arrive at that part of the total business income that is attributable to New York.
Chapter 802 of the Laws of 1975 amended the franchise tax provisions imposed on corporations measured by income. Clauses (C) and (D) of subdivision 3(a)(2) of section 210 of the Tax Law were amended to exclude from receipts allocable to New York State, receipts of a corporate taxpayer from the sale of rights for closed circuit and cable television transmissions of an event (other than events occurring on a regularly scheduled basis) which take place in New York State in which employees of the corporation, who are athletes, entertainers or performing artists performed, where the closed circuit or cable television transmission is received or exhibited outside the State.
New York's Tax Law as to personal income tax was similarly amended by chapter 802 of the Laws of 1975 by adding a new paragraph (2a) to section 632(b) of the Tax Law to exclude from the New York adjusted gross income of a nonresident athlete, entertainer or performing artist performing in New York State, income, directly or indirectly received by such individual, from closed circuit and cable television transmission of the New York performance where such transmissions are received or exhibited outside the State. The tax law revision also applies to events occurring other than on a regularly scheduled basis. The tax imposed on the income of unincorporated businesses wholly or partly carried on within this State (Tax Law, chapter 23) was not amended by chapter 802 of the Laws of 1975.
The 1975 Amendments of sections 210 and 632 of the Tax Law create an exemption from taxes imposed on income derived from or connected with New York sources. In Matter of Grace v. NewYork State Tax Commission, 37 N.Y.2d 193 (1975), Chief Judge Breitel said:
 "* * * An exemption from taxation `must clearly appear, and the party claiming it must be able to point to some provision of law plainly giving the exemption' (People ex rel. Savings Bank of New London v. Coleman, 135 N.Y. 231, 234; see Matter of Young v. Bragalini, 3 N.Y.2d 602, 605-606, supra). Indeed, if a statute or regulation authorizing an exemption is found, it will be `construed against the taxpayer', although the interpretation should not be so narrow and literal as to defeat its settled purpose (see Engle v. Talarico, 33 N.Y.2d 237, 240; People ex rel. Watchtower Bible Tract Soc. v. Haring, 8 N.Y.2d 350, 358; People ex rel. Mizpah Lodge v. Burke, 228 N.Y. 245, 247-248). This is because an exemption is not a matter of right, but is allowed only as a matter of legislative grace (cf., e.g., Colgate v. Harvey, 296 U.S. 404, 435)."
Since chapter 802 of the Laws of 1975 did not amend section 8929 which does not impose a tax on income but imposes a tax on gross receipts, I must conclude that the provisions of section 8929 were not affected by the 1975 Amendments to Tax Law, §§ 210 and632 and perforce that the gross receipts from the exhibition by closed circuit and cable television outside the state of boxing, sparring and wrestling matches are subject to the 5% gross receipts tax.