*262 OPINION OF THE COURT
Morrie Slifkin, J.
Pursuant to leave granted by the court in its decision dated September 17, 1976, petitioner moves for summary judgment. Respondent cross-moves for summary judgment.
The motion for summary judgment is granted and a cross motion for summary judgment is denied. The court directs that respondent amend its assessment roll to place the real property of the petitioner upon the tax-exempt roll for tax year in question.
The petitioner, the owner of real property in Rockland County in the Town of Orangetown, upon which it maintains the Lamont-Doherty Geological Observatory, has been denied a tax exemption for that property on the 1976 assessment roll of the respondent. The petition alleges and the petitioner claims that it is entitled to an exemption under the Real Property Tax Law (§ 421, subd 1, par [a]). It bases that claim on the assertion that the real property in question is owned by a "corporation or association organized or conducted exclusively for * * * educational * * * purposes * * * and used exclusively for carrying out thereupon * * * such purposes”. Petitioner also alleges that to the extent the respondents may claim that the real property of petitioner falls within the Real Property Tax Law (§ 421, subd 1, par [b]) so that, under appropriate circumstances, petitioner may be deprived of a tax exemption under the provisions of the Real Property Tax Law (§ 421, subd 1, par [c]), the local ordinance adopted by the town board of respondent which attempts to do so, is defective in that it provides for the taxation of a particular property or a particular owner in violation of the statute.
As required by the prior decision of this court, respondents have now served their answer to the petition in which is set forth certain defenses. The respondents allege that the petitioner has failed to state a cause of action for an educational exemption under the Real Property Tax Law (§ 421, subd 1, par [a]) in that the activities conducted at the observatory premises are not primarily educational, but are primarily scientific, so that the property of the petitioner failed to qualify for the exemption under the Real Property Tax Law (§ 421, subd 1, par [a]). Further, with respect to the claim that the ordinance adopted by the respondent town board pursuant to section 421 (subd 1, pars [b], [c]) of the Real Property Tax *263 Law was defective, the respondents allege that the petitioner owns the only realty in the town which falls within the ambit of the Real Property Tax Law (§ 421, subd 1, par [b]). Respondents do concede that the local ordinance was adopted after the tax status date. In an affidavit in support of its answer, the respondents emphasize that they have denied the petitioner an exemption under the Real Property Tax Law (§ 421, subd 1, par [a]) and assert that the resolution adopted under section 421 (subd 1, par [c]) was only a "backup or reserve approach to denying qualified exemption if the subject premises were held to fall under subdivision (b) of the statute as opposed to subdivision (a).”
Dealing with the issue raised by the local law adopted by the town board of the respondent, Real Property Tax Law (§ 421, subd 1, par [b]) provides a qualified exemption for property owned by a corporation which does not qualify for exemption under section 421 (subd 1, par [a]), but which is organized exclusively for certain stated purposes including "scientific purposes” and used exclusively therefor. If it were to be concluded that petitioner falls within the said paragraph (b), then the respondents could properly deny an exemption on the proper adoption of a local ordinance under paragraph (c) of that section. However, the last-cited paragraph provides that "[n]o local law, ordinance or resolution adopted pursuant to this section shall provide for the taxation of any particular property or owner.” An examination of the local law shows that it is defective on its face under the foregoing provisions in that the local law specifically names petitioner as the owner and the observatory as the real property whose exemption was being taken away. Therefore, to the extent that respondents may claim a right to tax the petitioner under section 421 (subd 1, pars [b], [c]) of the Real Property Tax Law, the court finds that the respondents failed to comply with the limitations contained in paragraph (c) and the local law adopted is of no force and effect.
The court now turns to the primary issue raised by the pleadings and by the affidavits submitted by the respective parties with respect to the claim of the petitioner to a right to exemption under section 421 (subd 1, par [a]) of the Real Property Tax Law. That section provides a two-pronged test for exemption; first, that the petitioner be organized exclusively for one of the uses specified therein, in this instance, educational, and second, that the property be devoted exclu *264 sively to such use. (Association of Bar of City of N. Y. v Lewisohn, 34 NY2d 143, 153.)
Columbia University is a corporation organized exclusively for educational purposes. It is a nonprofit educational corporation chartered by the Legislature of the State of New York under chapter 85 of the Laws of 1810. Its activities in the general field of education have earned for the university an international reputation. Petitioner therefore meets the first of the two tests above set forth.
It is the second of the two tests which creates the issue in this proceeding. That issue, briefly stated, is whether or not the real property in question is used exclusively for carrying out thereupon the purpose of the owning corporation. The phrase, "used exclusively” as it appears in the statute has been interpreted to mean "primary use” (Gospel Volunteers v Village of Speculator, 33 AD2d 407, 411). Any incidental use of the property for nonexempt purposes does not destroy the exemption (Trustees of Columbia Univ. v Taylor, 76 Misc 2d 717). In dealing with the allegations set forth in the petition and in the answer and with the factual material set forth in the affidavits submitted in connection with this motion, the court notes that the burden of proof would fall upon the respondent to establish the lack of qualification for exemption of this petitioner under the statute. (Matter of Watchtower Bible & Tract Soc. v Lewisohn, 35 NY2d 92, 97.)
The factual material in support of the respondent’s position appears in the affidavit of its assessor. It is his conclusion, after a review of the structures erected upon petitioner’s land and of several pages in the 1974 yearbook of the LamontDoherty Geological Observatory, from which the conclusion is drawn that the recital on those pages of the activities of the observatory would indicate an area of activity and interest primarily in scientific activities and research. From this, he reaches the conclusion that the activities of the observatory are not primarily educational within the meaning of the statute. He urges that a claimed ratio of 85 students to approximately 500 nonstudent personnel is not a normal ratio at an educational institution and that the exhibits demonstrate that the observatory obtains funds through contracts with agencies of the Federal Government as well as from private companies.
Petitioner, in effect, concedes the existence of the structures referred to by the assessor, as well as the ratio between *265 students and nonstudent personnel. Petitioner points out, however, that Columbia is a university composed of undergraduate colleges and institutes for postgraduate study in many related fields. Under the administrative and institutional organization of the petitioner, the Lamont-Doherty Geological Observatory is an institute directly under the control and administration of the president of Columbia, acting through his provost. The funding of the operations of the institute are based on grants from the central administration. Like most universities, Columbia finds itself dependent upon the income from Federal grants and other sources to supplement the normal income of the university to carry on its operations. The observatory is a postgraduate school of study which, after the completion by the candidates of the necessary requirements, awards the degrees of Master of Arts or Doctor of Philosophy.
In the particular area of study at the observatory, it is requisite for those who seek the degrees above referred to to establish by research the basis of a dissertation which in turn must be defended by the applicant before receiving his degree. Clearly, the research done by the students as well as the research done by other nonstudent members, the results of which are made available to the students, are clearly within the educational field.
It must be noted, however, that basic scientific research is an inherent part of the learning process, essential for the fulfillment of the educational mission of the research university. In modem science, the research talent of the faculty must be maintained and expanded to actual research performance. Education, as that term is used in the statute, necessarily requires that the corporation commit itself to two fundamental educational responsibilities. One is the communication of existing knowledge to the next generation through the teaching of students and the other is the development of new knowledge through research and scholarship.
Based upon the foregoing, the court reaches the conclusion that the subject premises are primarily used for educational purposes within the meaning of the statute. As above indicated, there is no doubt that scientific research is conducted at the premises and that area of study contributes to the education of the students as well as the development of skills and knowledge on the part of the faculty. The court takes judicial notice of the fact that a university, in performing its function *266 in the community, encompasses the acquisition and dissemination of all classes of the knowledge of man. The university is not limited solely to pedagogy. In order to carry out its function and purpose, to expand and transmit the knowledge of man, the university encourages scientific investigation and experimentation and these are an integral part of the over-all university educational function.
To accede to the argument of the respondent would require that the court attempt to assay the mix of purely scientific activity, a qualified exemption, and purely educational activity, an absolute exemption, carrying with it the implication that the result would be the percentage relegated to each activity. The court finds that such interpretation is not in accord with the underlying philosophy of the exemption from taxation of real property as it is set forth both in the Constitution of the State of New York (art XVI, § 1), and in section 421 of the Real Property Tax Law. (Cf. Matter of Columbia Univ. v Taylor, 76 Misc 2d 717, supra, involving an exempt use and a nonexempt use.)
Further, in support of its conclusion, respondent attempts to deal with the property located in its assessing area as a separate entity completely divorced from the educational activities of the university as a whole. The university is the sum of the total of its parts. To attempt to treat the observatory as being an entity separate and apart from the university by reason of geographical accident, cannot support the attempt to deprive the over-all university, of which the observatory is a part, of its right to exemption. Were the observatory located on the main complex of the university, no claim of nonexemption could be made.
Accordingly, the court concludes it is entitled to an exemption pursuant to section 421 (subd 1, par [a]) of the Real Property Tax Law in that the court finds that it is a corporation organized exclusively for educational purposes and that its real property in the respondent town is used "exclusively” (meaning primarily) for educational purposes.
Respondent’s reliance upon cited cases involving the effect of a joined nonexempt use is misplaced.