HON. M. LEO FRIEDMAN Town Attorney, North Hudson
This is in response to your recent letter in which you requested an opinion of the Attorney General concerning the following questions regarding Real Property Tax Law, § 485-b:
 1. Is there a cutoff date for passing a local law reducing or limiting the exemption allowed under this section? In other words, may the Town of North Hudson pass a local law two or three years after the effective date of the exemption which would reduce or limit the exemption to construction started subsequent to the enactment of the local law.
 2. May the Town of North Hudson repeal a local law to grant the exemption when it has been limited or reduced to zero?
 3. By local law, can the Town of North Hudson define the commercial activities for which the exemption would be allowed?
Chapter 278 of the Laws of 1976 added a new section to the Real Property Tax Law. This new section 485-b grants a real property tax exemption to the extent of fifty percent of the increase in assessed valuation attributable to real property constructed, altered, installed or improved, subsequent to July 1, 1976 for the purpose of commercial, business or industrial activity. The purpose of the law is to provide the State of New York and its municipalities with an additional incentive with which to encourage business and industrial development within the State. The statute provides that the exemption for the increase in assessed valuation shall be decreased by five percent each year, until the tenth year when the exemption will no longer be available.
In determining whether an exemption from real property taxation is allowed, the law which exempts the property from taxation must be strictly construed (People ex rel. Blackburn v. Barton, 63 App. Div. 581). The intent of the Legislature in enacting a statute must also be considered in construing an exemption from taxation, but the legislative intent to exempt the property cannot be presumed, but must always be expressed in language so clear as to avoid any argument (People ex rel.Mizpah Lodge v. Burke, 228 N.Y. 245).
Real Property Tax Law, § 485-b allows a municipality to enact a local law reducing the amount of the exemption granted for any increase in assessed valuation Real Property Tax Law, §485-b(7) provides as follows.
 "7. A county, city, town or village may, by local law, and a school district which levies school taxes may, by resolution, reduce the per centum of exemption otherwise allowed pursuant to this section. A copy of any such local law or resolution shall be filed with the state board."
This provision allows the municipality the option of enacting a local law which would lessen the effect of the statute on the local tax base. It is important to note that the statute does not grant the municipalities the power to enact the tax exemption as a local option, but rather, the law grants the exemption from taxation and requires action by a municipality to reduce the percentage of the exemption granted, Real Property Tax Law, § 485-b does not specify any time period within which a municipality must adopt a local law to reduce the percentage of assessed valuation below that provided in subdivision 2 of the statute, and therefore the municipality may adopt the local law at any time. This unspecified time period within which a local law may be adopted allows the municipality to consider the appropriate action to be taken in light of the legislative intent to encourage business and industrial development within the State. Real Property Tax Law, §485-b(8) authorizes a municipality to establish a board to advise the governing board as to the options available, and to make recommendations regarding the economic needs of the municipality. The statute does not contain a termination date for the adoption of a local law in order to allow the establishment and consideration by this board of the economic climate of the community.
The statute provides that the exemption from taxation applies to all real property constructed, altered, installed or improved subsequent to July 1, 1976 for the purpose of commercial, business or industrial activity. The option available to municipalities to adopt a local law for a reduction in the percentage of the increased assessed valuation eligible for the exemption, does not authorize the municipality to restrict the application of the exemption to only that real property constructed, altered, installed or improved subsequent to the adoption of a local law reducing the exemption. A local law may only be adopted to reduce the percentage of any increased assessed valuation eligible for the exemption; a local law cannot change the date after which the eligible real property may be constructed, altered, installed or repaired. The exemption from taxation must be applied uniformly to all eligible real property constructed, altered, installed or improved after July 1, 1976, with the percentage of the exemption determined pursuant to Real Property Tax Law, § 485-b(2), or by a local law adopted pursuant to Real Property Tax Law, § 485-b(7). However, once an exemption is granted to a taxpayer, that exemption cannot be revoked until the exemption granted has expired.
A municipality that elects to adopt a local law reducing the percentage of the increased assessed valuation pursuant to Real Property Tax Law, § 485-b(7) may thereafter repeal the local law in order to allow the exemption from taxation to be available in the amount provided by section 485-b(2). The statute establishes a state-wide exemption from taxation with a local option to reduce the percentage of the exemption available, and it would therefore follow that a municipality may repeal a local law limiting the state statute so that the municipality would then be fully adopting the statute.
The only option available to a municipality under Real Property Tax Law, § 485-b is to reduce the percentage of the exemption established by that law. The statute provides definitions and guidelines regarding the construction and improvements to real property which qualify for the exemption. The local assessor must determine whether or not the exemption provided for in this section is available based only on the intent and guidelines of the statute; and the municipality may not restrict or deny the exemption for any commercial activities intended to be included in the statute, except to the extent of reducing the percentage of the exemption, under the local option.
The interpretation of a statute authorizing an exemption from taxation must be strictly construed, and Real Property Tax Law, §485-b sets forth the requirements for the exemption in unambiguous language. Based on all of the above, it is our opinion that:
 1. Real Property Tax Law, § 485-b
does not provide a termination date for the Town of North Hudson to pass a local law reducing the exemption granted by that section. The Town may not limit the exemption to real property constructed, altered, installed or improved subsequent to the enactment of the local law. The exemption applies to all improvements or construction subsequent to July 1, 1976.
 2. The Town of North Hudson may repeal a local law reducing the exemption under Real Property Tax Law, § 485-b after the Town has adopted such a local law.
 3. The Town of North Hudson cannot define the commercial activities which are eligible for this exemption. The eligibility requirements and guidelines provided in the statute must be enforced by the local assessor.