THE PEOPLE OF THE STATE OF NEW YORK ex rel. DELPHIAN LODGE, No. 751, I. O. O. F., Respondent, *v.* EDWARD A. CAHOON and Others, as Assessors of the Village of Waterloo, New York, Appellants.

Fourth Department, July 3, 1917.

**Tax — exemption — real property of fraternal association, portions of which are rented for business purposes — payment of income from rentals to members who are worthy but not indigent — statute construed.**

Under the provision of the Tax Law which exempts the real property of a fraternal association in case the entire net income of said property is exclusively applied to build and maintain an asylum, a home or school for the free education or relief of the members, or for the relief, support and care of worthy and indigent members or their wives, widows or orphans, the real property of a fraternal association is not exempt from taxation as to that part thereof which is rented for stores, offices, etc., where it appears that the surplus funds from said rentals over and above the carrying charges of the property may be transferred to the general fund of the lodge to be devoted not only to charitable and benevolent purposes, but for whatever purposes the lodge directs, and it also appears that payment from said fund is not limited to indigent members alone but may be made to any disabled member in good standing, although he may not be indigent.

A member to whom payments are made must not only be worthy but also indigent in order to bring the case within the exemption of the statute.

APPEAL by the defendants, Edward A. Cahoon and others, as assessors, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Seneca on the 23d day of March, 1916.

*J. Willard Huff* [*W. Smith O'Brien* of counsel], for the appellants.

*MacDonald Brothers* [*William S. MacDonald* of counsel], for the respondent.

KRUSE, P. J.:

The relator, a domestic fraternal association organized for charitable and benevolent purposes, is the owner of certain real

property, consisting of a three-story brick block, situate in the village of Waterloo, N. Y., which it alleges is wholly exempt from taxation.

The building has four stores on the first floor, offices and banquet room on the second floor and a lodge room on the third floor. The stores and other parts of the building not used for a meeting place or other lodge purposes by the relator are rented.

The assessors valued the entire property at $6,500, and allowed the relator's claim for exemption to the extent of $3,250, being the fair value of that part of the premises used for a club room and lodge room.

The Special Term held with the referee that the entire property was exempt under subdivision 7 of section 4 of the Tax Law, as claimed by the relator. The present Tax Law (Consol. Laws, chap. 60; Laws of 1909, chap. 62) is a codification of the former Tax Law (Gen. Laws, chap. 24; Laws of 1896, chap. 908) and its various amendments and acts supplemental thereto. Under subdivision 7 of section 4 of the Tax Law as it existed prior to 1903, which exempted the real property of religious, charitable, benevolent and similar corporations from taxation, it was necessary, in order to obtain the exemption, not only that the association should be organized exclusively for such purposes, but that the property should be used exclusively for carrying out thereupon the same, and that no rents, profits or income should be derived therefrom. And it was specifically provided that the real property not so used exclusively, but leased or otherwise used for other purposes, should not be exempt; if a portion only was so used, such portion should be exempt to the extent of the value thereof, and the remaining part be subject to taxation. (See former Tax Law, § 4, subd. 7, as amd. by Laws of 1897, chap. 371.) Clearly, under this exemption provision the rented portion of the building is taxable.

As is said in *People ex rel. Young Men's Assn.* v. *Sayles* (32 App. Div. 197, 202; affd. in Court of Appeals, 157 N. Y. 677, on opinion below): " It is the exclusive use of the real estate for carrying out thereupon one or more of the purposes of the incorporation of the relator which confers the right of exemption, and not the benefits accruing to it and its useful

work from the income derived from others in consideration of their use of the real estate for their purposes."

In 1903 the Tax Law was amended by adding an additional exemption as follows: " and further provided that the real property of any fraternal corporation, association or body created to build and maintain a building or buildings for its meeting or meetings of the general assembly of its members, or subordinate bodies of such fraternity and for the accommodation of other fraternal bodies or associations, the entire net income of which real property is exclusively applied or to be used to build, furnish and maintain an asylum, or asylums, a home or homes, a school or schools for the free education or relief of the members of such fraternity or for the relief, support and care of worthy and indigent members of the fraternity, their wives, widows or orphans, shall be exempt from taxation." (Laws of 1903, chap. 204.)   This provision, after re-enactment by the amendments of 1906 and 1907 (Laws of 1906, chap. 336; Laws of 1907, chap. 693), was incorporated in the present Tax Law.*

The relator was not created to build and maintain a building or buildings such as is described in this provision, nor does the building which it has built answer that description. Neither is the entire net income from the real property to be exclusively applied or used for the purposes therein stated. The contention that the net income from the rented portion of this block is to be used for the relief, support and care of worthy and indigent members of the fraternity, their wives, widows and orphans, I think is without foundation.   While a separate account is kept of the income from its real property, and the funds kept separate, the referee finds that if there is any surplus in the real estate fund over and above the carrying charges of the property, it will be subject to transfer into the general fund of the lodge, to be devoted to the charitable and benevolent purposes provided by its constitution and by-laws, and according to the testimony of one of the relator's trustees it will go to the lodge fund for benefits or whatever the lodge directs.

*Since re-enacted by Laws of 1916, chap. 411.— [REP.

Provision is made for the payment from this general fund of sick and funeral benefits, but such payment is not limited to indigent members alone. Every member in good standing disabled by sickness or bodily accident, if such disability proceeds from no immoral conduct on his part, is entitled to weekly benefits during the period of disability; and in case of the death of a member or his wife, of certain sums toward the burial expenses. A member may be worthy, but not indigent. Both are requisite to come within this exemption provision.

I am unable to see how the relator's real estate can be exempted under any of the provisions contained in this subdivision.

I think that the order should be reversed and the writ dismissed, with costs.

All concurred.

Order reversed and writ dismissed, with costs.