THE PEOPLE OF THE STATE OF NEW YORK ex rel. PERRY LODGE, No. 278, LOYAL ORDER OF MOOSE, INC., Relator, *v.* WILLIAM H. CLARK and Others, Town Board of Assessors, Defendants.

Supreme Court, Wyoming County, December 31, 1924.

Taxation — exemption of real property — relator, fraternal organization, claims exemption under Tax Law, § 4, subd. 7 — lower floor of relator's building is devoted exclusively to social functions — relator was not organized exclusively for purposes stated in first part of subdivision of statute, and building was not used exclusively for meetings of members — relator is not exempt.

The relator, a fraternal organization incorporated under the laws of this State, cannot claim exemption from taxation under subdivision 7 of section 4 of the Tax Law, since it appears that it was not organized exclusively for the purposes stated in the first part of subdivision 7, for among the purposes of the organization is the management of a social club, and it is not an organization whose real property is used exclusively for the meetings of the general assemblage of its members, since it appears that the lower floor of the building in question is used exclusively for social functions.

CERTIORARI to review an assessment of real property of a fraternal organization.

*L. A. Walker,* for the relator.

*George M. C. Parker,* for the defendants.

CROSBY, J.:

This is a certiorari proceeding by the People of the State of New York, on the relation of Perry Lodge, No. 278, Loyal Order of Moose, Inc., against William H. Clark, Volney H. Badger and George C. Gibney, as assessors of the town of Perry, Wyoming county, N. Y., to review an assessment of real property. The following facts are undisputed:

*First.* That the relator is a fraternal organization and a subordinate lodge of the Supreme Lodge of the Order of Moose, and is separately incorporated under the laws of the State of New York, with its property and place of business at the village of Perry, in Wyoming county, and is governed by the general laws of the Supreme Lodge of the Loyal Order of Moose.

*Second.* That the relator is the owner and sole occupant of the real property in question, and that the building upon said real property is used exclusively by the relator for its fraternal purposes, and that no part of said building is sublet or rented, and that no income is derived therefrom; that said building consists of three rooms and a kitchen on the ground floor, which are used for social and recreation purposes by members only, and three rooms on the second floor, used exclusively for meetings of the general assembly of its members.

*Third.* That no officer or member of the relator receives any pecuniary benefit from the relator, except its secretary receives a nominal compensation for his services.

*Fourth.* That the annual dues of each beneficiary member of the relator are thirteen dollars, which, under the general laws of the Loyal Order of Moose, are apportioned as follows, to wit, six dollars, general fund; five dollars, sick and funeral benefits; and two dollars to Mooseheart, Ill., the orphan home of deceased members, which fund is used for the care, maintenance, support and education of said orphans. The above apportionment is compulsory.

*Fifth.* That the relator has no income, except from the annual dues of its members.

*Sixth.* That the surplus or net income from the general fund is distributed each year to the home at Mooseheart, Ill., for the care of the orphans of deceased members, and that the net income of the general funds in 1923 was $18.23, and that the board of directors governed this surplus, and that the relator has been assessed the sum of $600 as its share of a contribution for the construction of

the New York State Building at Mooseheart, Ill., built for the orphans of deceased members of the order from New York State, and that the relator is now owing toward said assessment the sum of $339, which must be paid in addition to the $2 per year from each member from his annual dues.

*Seventh.* That needy and indigent members, who become ill, receive a sick benefit of $7 per week for thirteen weeks; the funeral benefit is $100; the sick and funeral fund is required to be kept intact by the general laws of the order, and is used for no other purpose.

*Eighth.* That the charter or certificate of incorporation of the relator provides that the objects for which the relator is formed are as follows: To purchase and hold real and personal property for the social and fraternal objects of said lodge, and for such duties and privileges as may pertain thereto, and to manage and conduct a social club, with all the privileges, rights and duties which usually appertain thereto.

The relator claims exemption from taxation by virtue of subdivision 7 of section 4 of the Tax Law of the State of New York. The provisions of said subdivision 7, section 4, so far as they relate to this proceeding, read as follows:

" § 4. Exemption from Taxation.    *    *    *    7. The real property of a corporation or association organized exclusively for the moral or mental improvement of men or women, or for religious, bible, tract, charitable, benevolent, missionary, hospital, infirmary, educational, scientific, literary, library, patriotic, historical or cemetery purposes, or for the enforcement of laws relating to children or animals, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes, and the personal property of any such corporation shall be exempt from taxation    *    *    *    and further provided that the real property of any fraternal corporation, association or body created to build and maintain a building or buildings for its meeting or meetings of the general assembly of its members, or subordinate bodies of such fraternity and for the accommodation of other fraternal bodies or associations, the entire net income of which real property is exclusively applied or to be used to build, furnish and maintain an asylum or asylums, a home or homes, a school or schools, for the free education or relief of the members of such fraternity, or for the relief, support and care of worthy and indigent members of the fraternity, their wives, widows or orphans, shall be exempt from taxation."

It would seem to be perfectly plain that the relator cannot claim exemption from taxation by virtue of the first part of subdivision 7

of section 4 of the Tax Law, for the reason that it was not organized exclusively for the purposes therein mentioned. The rules and by-laws of the order, if followed, may be such as to promote the moral and mental improvement of its members, but it was also organized for the purpose of furnishing a social club and place for recreation. (See *People ex rel. D. K. E. Society of Hamilton College* v. *Lawler*, 74 App. Div. 553.) As stated in that case, this fact does not answer the requirement of the statute, unless it also appeared that the building as a whole is used exclusively for one or more of such purposes. It appears in this case that the whole ground floor of the building, consisting of three rooms and a kitchen, are used for social recreation by members, so that, even assuming the upper floor is used exclusively for moral or mental improvement of the members, the relator would not be entitled to exemption.

I do not think that the relator is entitled to exemption under the further provision of subdivision 7 of section 4, last above quoted, for the reason that the relator does not maintain a building or buildings exclusively for its meetings or general assembly of its members or subordinate bodies, but at least half of its building is maintained for an entirely different purpose, and one not contemplated by the statute. As stated in *People ex rel. N. Y. Lodge, No. 1, B. & P. O. E.* v. *Purdy* (179 App. Div. 805): " The statute seems to contemplate a building distinctly for society or lodge purposes, as opposed to a general club house for members of the order."

It might be that the upper floor of this building would come within this rule, but certainly not the whole building. The court also in the same opinion uses the following language: " We think that a social club cannot be made in effect a charitable institution by providing that a small net income shall annually be applied to charity."

The general policy of the law, as stated in all cases of this character, is to construe statutes exempting property from general taxation very rigidly, and not to permit such exemption to be established by any doubtful implication. (See *People ex rel. Delphian Lodge, No. 751, I. O. O. F.* v. *Cahoon*, 179 App. Div. 287; *People ex rel. Syracuse Masonic Temple* v. *Ostrander*, 105 Misc. 405; *People ex rel. Olean Masonic Corp.* v. *Breder*, 121 id. 553; *People ex rel. Mizpah Lodge, No. 518, I. O. O. F.* v. *Burke*, 228 N. Y. 245.)

I have decided this case on the facts as stipulated in an agreed statement of facts signed by the attorneys for both sides and submitted to me, but there seems to be a little confusion about one important fact. The paragraph numbered eleventh of the

agreed statement of facts submitted to me states in the last sentence as follows: " The sick benefit fund is paid only to sick members, and none but indigent and needy members participate in this benefit, or in the funeral benefit."

The defendants' counsel, at the end of the 1st page of his brief, states as follows: " And that indigence on the part of the widow or benefited member does not have to be shown or proven to secure the sick and funeral benefits."

And all through his brief he seems to assume that such is the case. If the defendants' counsel is right about this, and sick benefits or funeral benefits are paid to members, regardless of whether they are indigent or needy or not, then I think the relator would not be entitled to exemption for that reason, under the rule laid down in *People ex rel. Delphian Lodge* v. *Cahoon (supra).*

I am, however, on the stipulated facts, of the opinion that this proceeding should be dismissed, with costs.