622   People ex rel. Silver Lake Mutual Assn. *v.* Clark.

Supreme Court, January, 1925.                    [Vol. 125

---

The People of the State of New York ex rel. Silver Lake Mutual Association, Relator, *v.* William H. Clark and Others, Town Board of Assessors, Defendants.

Supreme Court, Wyoming County, January 5, 1925.

Taxation — exemption of real property — relator, fraternal organization, claims exemption under Tax Law, § 4, subd. 7 — two floors of relator's building are used exclusively for social functions — relator was not organized exclusively for purposes stated in first part of said subdivision of Tax Law — relator is not exempt.

The relator, a fraternal organization incorporated under the laws of this State, is not entitled to have its real property exempt from taxation under subdivision 7 of section 4 of the Tax Law, since it appears that one of the purposes for which the relator was organized was for social recreation, and, therefore, it was not organized exclusively for one of the purposes stated in the first part of subdivision 7 and was not entitled to exemption under that part of the statute, and since it appears further that two floors of the building in question are used exclusively for social functions, and, therefore, the relator is not entitled to exemption under the last part of the subdivision on the ground that the building is used exclusively for the meetings of its members.

Certiorari to review an assessment of real property of a fraternal organization.

*W. D. Olmsted,* for the relator.

*George M. C. Parker,* for the defendants.

Crosby, J.:

This is a certiorari proceeding by the People of the State of New York, on the relation of the Silver Lake Mutual Association,

against William H. Clark, Volney H. Badger and George C. Gibney, as assessors of the town of Perry, Wyoming county, N. Y., to review an assessment of real property. The facts, so far as material to the issue, have been agreed upon and submitted to the court, and are substantially as follows:

The relator is a fraternal organization, incorporated under the laws of the State of New York, and having its property and place of business at Perry, Wyoming county, N. Y. The objects of the relator, as set forth in its certificate of incorporation, are " for social recreation and benevolent purposes in the village of Perry and to acquire real estate and a building or buildings for these purposes." The real property owned by relator, and situate in said village of Perry, consists of a two and one-half story building, the ground floor of which is used as a reception room, dining room and a kitchen, and the second floor as meeting rooms, and the upper story, or attic, is equipped with a pool and billiard table for the sole use of the two organizations hereinafter mentioned using the building, without charge. None of said rooms are rented to any person or persons, and no income of any sort is derived therefrom. The said building is occupied solely and exclusively by Silver Lake Lodge, No. 614, I. O. O. F., and a chapter of the Rebecca lodge, which is a women's organization and the members of which are wives, widows, sisters and daughters of Odd Fellows, and the members of both the Odd Fellows lodge and the Rebecca lodge are members of this relator.

No officer of either of said organizations receives any salary whatsoever for their services. The upkeep and maintenance of said building and premises is supported solely by the dues as assessed on the members of such organizations, and no income, other than those dues, accrues from said building, or this relator, and neither this relator nor said organizations have any income other than the dues so assessed. Of the dues paid by the Odd Fellows, one dollar of said dues is paid for the support, annually, of the Odd Fellows Home at Lockport, N. Y., and as to the Rebecca lodge, twenty-five cents of the dues of each member goes to the support of said home and the balance of the income goes towards the expenses of said lodges, and the upkeep and maintenance of the building, and, if any surplus remains, it is also contributed towards the support of said home. The Odd Fellows lodge has a sick benefit of two dollars per week for its sick members, and fifty dollars as death benefit for such members as may die. It further appears that the sick benefit and the death benefit are paid, regardless of whether the member is needy or indigent or not.

The relator claims exemption from taxation by virtue of sub-

**624** People ex rel. Silver Lake Mutual Assn. *v.* Clark.

Supreme Court, January, 1925. [Vol. 125

division 7 of section 4 of the Tax Law of the State of New York. The provisions of said subdivision 7, section 4, so far as they relate to this proceeding, are as follows:

" § 4. Exemption from Taxation. * * * 7. The real property of a corporation or association organized exclusively for the moral or mental improvement of men or women, or for religious, bible, tract, charitable, benevolent, missionary, hospital, infirmary, educational, scientific, literary, library, patriotic, historical or cemetery purposes, or for the enforcement of laws relating to children or animals, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes, and the personal property of any such corporation shall be exempt from taxation * * * and further provided that the real property of any fraternal corporation, association or body created to build and maintain a building or buildings for its meeting or meetings of the general assembly of its members, or subordinate bodies of such fraternity and for the accommodation of other fraternal bodies or associations, the entire net income of which real property is exclusively applied or to be used to build, furnish and maintain an asylum or asylums, a home or homes, a school or schools, for the free education or relief of the members of such fraternity, or for the relief, support and care of worthy and indigent members of the fraternity, their wives, widows or orphans, shall be exempt from taxation."

I fail to see how the relator can claim exemption by virtue of the first part of subdivision 7 of section 4, for the reason that it was not organized exclusively for one of the purposes therein mentioned. It was organized for social recreation, as well as for any other purpose, and while the recreation contemplated and carried out by the relator may be of a wholesome and morally beneficial kind, I think it takes the case out of the plain wording of the statute. (See *People ex rel. D. K. E. Society of Hamilton College* v. *Lawler*, 74 App. Div. 553, and cases therein cited.)

I do not think the relator is entitled to exemption under the further provisions of subdivision 7 of section 4 of the Tax Law, last above quoted, for the reason that the building maintained by the relator is not maintained solely for its meeting or meetings of the general assembly of its members, or a subordinate body, but the ground floor is used as a dining room and kitchen, and the upper story or attic is used as a pool and billiard room. As stated in a number of the adjudicated cases on this subject, a social club cannot be made in effect a charitable institution by providing that a small net income shall annually be applied to charity.

There is also another ground which seems to me would prevent

the relator from being granted exemption, and that is the fact that sick and funeral benefits are paid to members in good standing, regardless of whether they are needy and indigent or not. It seems to me that this point has been fully decided in the case of *People ex rel. Delphian Lodge, No. 751, I. O. O. F.* v. *Cahoon* (179 App. Div. 287). That was a case in the Appellate Division, Fourth Department, and that very point was discussed and decided. Practically all the cases which have decided questions of this character lay down the rule that the policy of the law is to construe statutes exempting property from general taxation very rigidly, and not to permit such exemption to be established by any doubtful implication. (See *People ex rel. N. Y. Lodge, No. 1, B. & P. O. E.* v. *Purdy,* 179 App. Div. 805; *People ex rel. Delphian Lodge, No. 751, I. O. O. F.* v. *Cahoon,* Id. 287; *People ex rel. Syracuse Masonic Temple* v. *Ostrander,* 105 Misc. 405; *People ex rel. Olean Masonic Corp.* v. *Breder,* 121 id. 553; *People ex rel. Mizpah Lodge, No. 518, I. O. O. F.* v. *Burke,* 228 N. Y. 245.)

I am, therefore, of the opinion that this proceeding should be dismissed, with costs.