THE PEOPLE OF THE STATE OF NEW YORK ex rel. PERRY TEMPLE ASSOCIATION, Relator, *v.* WILLIAM H. CLARK and Others, Town Board of Assessors, Defendants.

Supreme Court, Wyoming County, January 9, 1925.

**Taxation — exemption of real property — relator, fraternal organization, claims exemption from taxation under Tax Law, § 4, subd. 7 — relator was not organized exclusively for one of purposes stated in first part of said subdivision and buildings in question are not used exclusively for meetings of members — relator is not exempt.**

The relator, a fraternal organization incorporated under the laws of the State of New York, is not exempt from taxation under subdivision 7 of section 4 of the Tax Law, since it appears that one of the purposes for which the relator was organized was for social recreation, and, therefore, it does not come within the first part of subdivision 7, it not having been organized exclusively for one of the purposes stated therein, and furthermore, the building in question is not used exclusively for the meetings of the members of the relator, but the first floor thereof is used exclusively for social functions, and, therefore, the relator does not come within the last part of said subdivision.

CERTIORARI to review an assessment of real property of a fraternal organization.

*W. D. Olmsted,* for the relator.

*George M. C. Parker,* for the defendants.

CROSBY, J.:

This is a certiorari proceeding by the People of the State of New York, on the relation of the Perry Temple Association, against

**626** People ex rel. Perry Temple Association *v.* Clark.

Supreme Court, January, 1925. [Vol. 125

William H. Clark, Volney H. Badger and George C. Gibney, as assessors of the town of Perry, Wyoming county, N. Y., to review an assessment of real property. The facts, so far as relevant to the issue, have been stipulated, and are substantially as follows:

The relator is a fraternal organization, incorporated under the laws of the State of New York, and having its property and place of business at Perry, Wyoming county, N. Y., and the objects of the relator, as stated in its certificate of incorporation, are "for social recreation and benevolent purposes in the village of Perry, and to hold real estate and a building or buildings for those purposes." The relator is the owner of a two-story building, the upper story of which is used solely as lodge rooms by Lodge No. 404, Free and Accepted Masons, and by a chapter of the Order of the Eastern Star, which is a women's organization, and the members of which are the wives, widows, sisters and daughters of Free and Accepted Masons, and the members of both of these organizations are members of this relator. The lower floor of said building is equipped with a dining room, a kitchen, and there is also a billiard and pool table, which dining room, kitchen and pool and billiard tables are used by the members of each of said organizations without compensation. No portion of said building is rented, and no income of any sort is derived therefrom, and no officer of either organization receives any salary whatever for their services. It further appears that said building is supported solely from dues paid by the members of each of said organizations, and that any surplus, after the upkeep and maintenance of said building is paid, is used in the following manner:

The surplus of the income from the Masonic lodge is used entirely for the care of worthy, indigent Masons, and for the support of the Masonic Home of Utica, N. Y., which is an organization at Utica, N. Y., maintained for the care of indigent, worthy Masons, and for the education and support of orphaned children of deceased brother Masons; and the surplus of the income of the Eastern Star chapter is used for the support of the Eastern Star Home at Oriskany, N. Y., a home maintained for indigent members of the Order of the Eastern Star. Neither of said orders has any sick or death benefits. It further appears that no definite sum is assessed against members of either organization for the support or upkeep of said homes, but simply the surplus from dues is used for that purpose.

The relator claims exemption from taxation by virtue of subdivision 7 of section 4 of the Tax Law of the State of New York. The provisions of said subdivision 7, section 4, so far as they relate to this proceeding, are as follows:

" § 4. Exemption from Taxation. * * * 7. The real property of a corporation or association organized exclusively for the moral or mental improvement of men or women, or for religious, bible, tract, charitable, benevolent, missionary, hospital, infirmary, educational, scientific, literary, library, patriotic, historical or cemetery purposes, or for the enforcement of laws relating to children or animals, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes, and the personal property of any such corporation shall be exempt from taxation * * * and further provided that the real property of any fraternal corporation, association or body created to build and maintain a building or buildings for its meeting or meetings of the general assembly of its members, or subordinate bodies of such fraternity and for the accommodation of other fraternal bodies or associations, the entire net income of which real property is exclusively applied or to be used to build, furnish and maintain an asylum or asylums, a home or homes, a school or schools, for the free education or relief of the members of such fraternity, or for the relief, support and care of worthy and indigent members of the fraternity, their wives, widows or orphans, shall be exempt from taxation."

Exemption cannot be claimed by the relator by virtue of the first part of subdivision 7 of section 4, for the reason that it was not organized exclusively for one of the purposes therein mentioned. The teachings and doctrines of the Masonic lodge and the Order of the Eastern Star may, and very likely do, work for the moral or mental improvement of the members, but at least half of the building owned by relator is used for an entirely different purpose — that is, for recreation and entertainment; also the charter itself provides that the object of the relator is for " social recreation." This, I think, takes the case out of the plain wording of the statute. (See *People ex rel. D. K. E. Society of Hamilton College* v. *Lawler*, 74 App. Div. 553, and cases therein cited.)

I do not think the relator is entitled to exemption under the further provisions of subdivision 7 of section 4 of the Tax Law last above quoted, for the reason that its building is not maintained solely for its meeting or meetings of the general assembly of its members or a subordinate lodge, but the first floor is used as a dining room, kitchen and for general purposes of recreation. It seems to me that the relator has gone into the class of social clubs, and cannot be made in effect a charitable institution, simply because a portion of the surplus dues of its members is used for a charitable purpose.

All the adjudicated cases on this point lay down the rule that

statutes exempting property from general taxation must be strictly and rigidly construed. (See *People ex rel. Delphian Lodge, No. 751, I. O. O. F.* v. *Cahoon,* 179 App. Div. 287; *People ex rel. Syracuse Masonic Temple* v. *Ostrander,* 105 Misc. 405; *People ex rel. Olean Masonic Corp.* v. *Breder,* 121 id. 553; *People ex rel. Mizpah Lodge, No. 518, I. O. O. F.* v. *Burke,* 228 N. Y. 245.)

I am, therefore, of the opinion that this proceeding should be dismissed, with costs.