In the Matter of the Application of PLATTSBURG LODGE No. 828 F. & A. M., CLINTON LODGE No. 155 F. & A. M., DeSOTO COMMANDERY No. 49 K. T., and PLATTSBURG CHAPTER No. 39 R. A. M., Relators, for a Writ of Certiorari to NAPOLEON E LARAVIE and Others, Assessors of the City of Plattsburg, Clinton County, N. Y., Respondents.

Supreme Court, Clinton County, February 16, 1929.

*Allen & Allen*, for the relators.

*Victor F. Boire*, for the respondents.

BREWSTER, J. The stipulated statement of facts shows that relators are regular local Masonic bodies, members of and duly chartered by their superior or parent organizations, respectively; that as such each of them have, in compliance with their respective rules, elected and filed a list of trustees pursuant to section 2 of the Benevolent Orders Law (as amd. by Laws of 1923, chap. 349) and have thereby become entitled to take and hold real estate as permitted by section 3 of said statute (as amd. by Laws of 1923, chap. 349); that as such organizations they own, as tenants in common, a lot of land situate in the city of Plattsburg upon which there has been erected and is now located a building known as the " Masonic Temple."

It further appears that no pecuniary income or profit whatsoever is derived from the ownership and maintenance of said building; that the sole income received by relators consists of the membership dues and initiation fees; that occasionally by the mere sufferance of the relators, other fraternal organizations are accorded the privilege of some routine uses of portions of said building for their meetings and, by like sufferance, that members of one or more of the relators, as individuals, together some times with invited guests, are permitted some random uses of various parts of the building as a meeting place for social intercourse and recreation, but, however, that the main, dominant and distinguishing use of said building is for the meetings and communications of the relators themselves, held and conducted in accordance with the fundamentals of their respective organizations. It further appears that a well-defined purpose and conspicuous activity of each of the relators is the practice of charity and the extension of benevolence as regards their respective members and their dependents; that charity and benevolence are prominent among the purposes for which each of the relators as well as their superior bodies were organized.

The relators claim that their aforesaid real property is exempt from taxation under subdivision 7 of section 4 of the Tax Law (as amd.) upon the ground that they are and that each of them is a corporation or association organized *exclusively* for the mental and moral improvement of men and women and for charitable and

benevolent purposes and that their aforesaid building and real estate is used *exclusively for carrying out thereupon one or more of such purposes.* I understand relators virtually concede and the facts plainly show that they are in reality fraternal organizations. This being so, I am constrained to hold that, on the facts before me, there has been a failure to establish that the relators, or any of them, are organized exclusively for the purpose of mental and moral improvement of men and women, charity or benevolence or any one or more of said purposes. Exemptions from taxation are not favored by law and the rule of strict construction applies to them. The exemption sought for must clearly appear to have been within the intent of the Legislature and it cannot be included unless expressed in " clear and unambiguous language," so as to " appear to be indisputably within the intention of the Legislature." (*People v. Cameron,* 140 App. Div. 76; affd., 200 N. Y. 585; *Matter of Francis,* 121 App. Div. 129; affd., 189 N. Y. 554; *People ex rel. New York Lodge No. 1 v. Purdy,* 179 App. Div. 805; affd., 224 N. Y. 710.)

To render valid relators' claim to exemption, the requirement is that they must establish that they were organized *exclusively* for one or more of the purposes specifically stated by the statute. I do not consider that they have done this when it is conceded that the purposes of their organization which are disclosed are but part, even though the dominant part, of the aims of their respective organizations. The concession that they are fraternal organizations, it seems to me, precludes them from qualifying as having been organized *exclusively* for one or more of the purposes stated in the statute. Moreover, I consider it would be going too far to hold that the other uses made of the building as above alluded to and as detailed in the stipulated facts may be overlooked in applying the test of the second prerequisite, for the fact remains that the building is not used *exclusively* for purposes that entitle tax exemption.

Relators' argument that as fraternal organizations purposed in their formation very largely for charity and benevolence which purposes combined with their other aims are such as to denominate them as being organized exclusively for the mental and moral improvement of men and women, while sound in logic, runs counter to the category of the statute when measured by the rule of strict construction that obtains. Carried to a logical conclusion, relators' argument would include as exempt from taxation the real property of any respectably purposed social association, club or organization and might exclude only those whose aim and purpose was the mental and moral improvement of men and women. Fraternal

organizations, especially those of the relator, have long been in existence, some of them far longer than the State itself, and, therefore, because of the specification which the statute makes it must be held that they are not included by legislative intendment among those whose property is relieved from contributing to the expense of government. This view is fortified by the express recognition of fraternal organizations whose property, in a definitely prescribed case, is exempted from taxation in the latter part of subdivision 7 of section 4 of the Tax Law (as amd. by Laws of 1929, chap. 382).

Accordingly I dismiss the writ herein in so far as it is directed to the question of the total tax exemption of relators' property, but the proceeding herein may continue as to the further question of excessive assessment, agreeable to the stipulation of the parties.