The People of the State of New York ex rel. Chamber of Commerce of the State of New York, Relator, against William W. Mills et al., Constituting the Tax Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, June 24, 1946.

*John W. Kelly* for relator.

*John J. Bennett, Corporation Counsel (Randolph J. Hernandez* of counsel), for respondents.

McLaughlin, J. The relator seeks an exemption from taxation of its real property known as 65 Liberty Street, borough of Manhattan. The purposes set out in its charter are the promotion of commerce and the providing of assistance to indigent members or to the needy widows and children of the members. These the relator contends entitle it to exemption.

It is not questioned that this proceeding seeks an exemption pursuant to the provisions of subdivision 6 of section 4 of article 1 (Tax Law). This statute holds, insofar as applicable here, that an exemption is granted only when the real property is used exclusively for charitable or benevolent purposes. In fact the brief of the relator concedes that the giving of aid to the members or their families who may be in need is not alone sufficient to grant an exemption. Moreover, the law is definitely settled that the word " exclusively " is construed to mean

all the activities of the corporation must be used for one of the purpose set out in the statute (*Matter of Bd. of Education, Jamestown,* v. *Baker,* 241 App. Div. 574; *People ex rel. Masonic Hall Association* v. *White,* 218 App. Div. 38, 43, affd. 244 N. Y. 564; *People ex rel. D.K.E. Society* v. *Lawler,* 74 App. Div. 553, 556, affd. 179 N. Y. 535.).

The relator maintains that the promotion of commerce is a benevolent purpose within the meaning of this exemption statute. It cites as an authority the case of *Corporation of Chamber of Commerce of State of N. Y.* v. *Bennett* (143 Misc. 513). One of the difficulties facing it is that this decision merely holds that within the " wider definition " of the terms of " charitable " and " benevolent " it may be classified as such. Mr. Justice UNTERMYER, who decided that proceeding, expressly stated that on the question of exemption from taxation " different considerations " might apply. There is no doubt that " benevolent " and " charitable " are different terms and the former, with its concept of mere humaneness or kindness to mankind, is somewhat broader than the latter. However, it may not be said that either term is complied with by the purposes of the relator under a liberal and reasonable construction of subdivision 6 of section 4 of the Tax Law. It is true that it may be strongly argued that some of the aims of the relator are worthy and done for a betterment of conditions in this city and State. So are the aims and purposes of a multitude of other corporations. Yet these are denied exemption because their worthy actions and aims do not bring them within the provisions of the exemption statute (*People ex rel. Medical Society* v. *Neff,* 34 App. Div. 83). After reviewing all the purposes and acts of the relator the court finds that it was not organized exclusively for charitable or benevolent purposes and that its real property was not used exclusively for charitable or benevolent purposes during the tax year 1944-45.

The writ is quashed and the proceeding dismissed. Costs to respondents. Settle final order.