In the Matter of MT. TABOR LODGE No. 780, INDEPENDENT ORDER OF ODD FELLOWS, Respondent, against OSCAR W. NORDSTROM, as Director of Assessments of the City of Jamestown, Appellant.

Fourth Department, January 13, 1954.

*George W. Jude* for respondent.

*McKinley L. Phillips* for appellant.

KIMBALL, J.   The order appealed from adjudged that the real property of Mt. Tabor Lodge No. 780, Independent Order of Odd Fellows is exempt from taxation under subdivision 6 of section 4 of the Tax Law which reads in part as follows: " The real property of a corporation or association organized exclusively for the moral or mental improvement of men and women, or for religious, bible, tract, charitable, benevolent, missionary, hospital, infirmary, educational, public playground, scientific, literary, bar association, library, patriotic, historical or cemetery purposes, for the enforcement of laws relating to children or animals, or for two or more such purposes, and used exclusively for carrying out therefrom one or more of such purposes ''.

Under this statute the petitioner claimed exemption on the ground that it was organized exclusively for charitable or benevolent purposes or both and that its property was used exclusively for such purposes.   We think the petitioner has failed to show such exemption.   The report of the Referee, without citation of authorities, states " that petitioner comes under Section 4, Subdivision 6 of the Tax Law in that it is a corporation or association organized exclusively for the moral and mental improvement of men and women and for charitable, benevolent and educational purposes and the property in question is used exclusively for carrying out one or more of such purposes.''   There is no proof that petitioner was organized for the moral and mental improvement of men and women.   In fact only men may become members of the lodge.   Likewise, no educational purpose was shown.   If there is exemption, it must be by reason of charitable or benevolent purposes.   The principal concern before the Referee was the use of the building. It appeared that other fraternal organizations rented the building at times and paid the petitioner for such use.   The Referee held that the case of *People ex rel. Mizpah Lodge* v. *Burke* (228 N. Y. 245) was inapplicable, in view of the amendment to subdivision 6 of section 4 of the Tax Law in 1948. (L. 1948, ch. 622.)   This amendment protects otherwise exempt property where it is used by another exempt corporation and where the rentals paid to the owning corporation do not exceed

carrying, maintenance and depreciation charges. We do not pass upon that question or the question of whether such other organizations were exempt under the statute for the reason that it is our opinion the petitioner itself is not an exempt corporation.

The facts are not in dispute. The petitioner is a subordinate lodge of the Independent Order of Odd Fellows of the State of New York and chartered by the Grand Lodge of the State. It is not a corporation as such but pursuant to section 2 of the Benevolent Orders Law it filed a certificate of election of trustees and has the status and powers provided in such case by the Benevolent Orders Law. This certificate, of course, sets forth no purposes of organization except to state that the lodge is duly chartered and installed by the grand lodge. There is no certificate of incorporation to shed light upon its purposes nor any act of the Legislature. We must therefore rely upon the constitution and by-laws of the petitioner to determine whether it is an exempt charitable or benevolent association. (*People ex rel. Untermyer* v. *McGregor,* 295 N. Y. 237, 244.) The Referee relied upon *People ex rel. Buffalo Turn Verein* v. *Assessors of City of Buffalo* (257 App. Div. 902). The memorandum of this court in that case pointed out that the relator was organized for educational purposes. We said: '' The legislative enactment [Laws of 1869, chap. 658, as amd. by Laws of 1894, chap. 12] incorporating relator states that one of its objects is the education of its members and others.'' In the instant case, there is no legislative enactment nor any declared educational purpose.

The building on this property has social and service rooms on the first floor, a meeting hall on the second floor and on the third floor are storage space and a pool table. The members have access to these rooms except when they are rented to other organizations. Except for these rentals, the building is not used for any commercial purposes. At times, the lodge holds dinners. It is plain that the use and purposes of the building are for holding lodge meetings with attendant rituals of the order and for the social intercourse and relaxation of the members. There is no proof that any charitable or benevolent work is carried on in the building unless it be held that the proceedings at its meetings in accordance with the constitution and by-laws may be considered such. With this background and passing the question of exclusive use for charitable and benevolent purposes, we then look to the constitution and by-laws to ascertain whether this is an exempt organization. The Referee's findings do not support his conclusion. The report reads: '' The lodge is

commonly known as a fraternal organization, conferring degrees, using rituals and secret pass-words. The building is used exclusively by petitioner for fraternal purposes.'' With these findings we agree and perhaps without more, that would be sufficient to reverse the order. The property of a *fraternal* corporation or association is not exempted by the provisions of subdivision 6 of section 4 of the Tax Law. Had it been the intention of the Legislature to grant exemption to the numerous organizations mentioned in section 2 of the Benevolent Orders Law which partake of the nature of fraternal associations, it would have included them in subdivision 6 of section 4 of the Tax Law. That such was not the intention is shown by the fact that although associations or posts of war veterans such as the American Legion, Veterans of Foreign Wars and the like are listed in the same category as subordinate lodges of Odd Fellows in section 2 of the Benevolent Orders Law, still the Legislature in order to grant exemption to the real property of such veterans' organizations, deemed it necessary to provide specific exemption thereof by enacting subdivision 15 of section 4 of the Tax Law.

Neither the constitution nor the by-laws set forth any stated purpose of the lodge. The membership is of two kinds, viz.: (1) beneficial and (2) nonbeneficial. Beneficial members in good standing are entitled to certain sick benefits and funeral benefits. Also they may be admitted to an Odd Fellows Home for the Aged. Nonbeneficial members, their widows and orphans are not entitled to any benefits. The moneys of the lodge are derived from dues of members, initiation and degree fees and interest on invested funds. The funds are divided into three parts. The '' general fund '' consists of all lodge money and is to be used '' for the relief of worthy brothers, or the widows and orphans of a deceased brother and for the necessary expenses of the lodge '', except as provided for in the '' contingent fund '' and the '' funeral fund ''. The contingent fund consists of 5% of all moneys received from dues and fines and is used for any purpose determined at a regular meeting. The funeral fund consists of 14$\frac{2}{7}$% of all moneys received from dues to be used only for burial expense.

We conclude that this subordinate lodge was not organized exclusively for charitable or benevolent purposes. Its primary purpose was to be a part of a large fraternal order and as stated in the preamble to the constitution, '' for the purpose of effecting uniformity in the administration of the privileges, honors and benefits of Odd Fellowship within this jurisdiction ''.

Fellowship, sociability and fraternal ties among its duly initiated members were the prime objects. True it is that " beneficial " members in good standing may receive certain benefits in case of sickness or death, but they themselves, by their dues, fees and fines, have mutually provided the funds for such purpose. To put it bluntly, no one gets something for nothing. What is paid in benefits to members is neither charity nor benevolence. A member entitled under the constitution or by-laws to a benefit has a right to the same. It is partly his contributions which provided the means of payment. The words " charity " and " benevolence " import a giving without obligation or return or expectation thereof. (See Black's Law Dictionary.)

Upon the facts here shown, no authority has been called to our attention nor do we find any which holds that property of a subordinate lodge of a fraternal order is exempt from taxation. On the other hand, certain cases support our conclusion. (*Matter of Plattsburg Lodge No. 828* v. *Laravie,* 135 Misc. 275; *People ex rel. Perry Lodge* v. *Clark,* 125 Misc. 618; *People ex rel. D. K. E. Soc. of Hamilton Coll.* v. *Lawler,* 74 App. Div. 553; see, also, *People ex rel. Chamber of Commerce* v. *Mills,* 188 Misc. 593; *People ex rel. Medical Soc.* v. *Neff,* 34 App. Div. 83, and 1912 Atty. Gen. 521.) Insofar as the petitioner has provided for benefits to its members and their families, it is a mutual benefit society. (See 19 R. C. L., Mutual Benefit Societies, pp. 1175 *et seq.*) It is there stated (§ 5, p. 1183): " Societies whose principal income is derived from compulsory contributions levied upon their members for the purpose of creating a fund to be used exclusively for the benefit of their members cannot be said to be either benevolent or charitable within the usual meaning of those terms. Accordingly it is generally held that they are not ' charities ' within the meaning of statutory provisions exempting the property of such institutions from taxation, even though their surplus funds, together with voluntary contributions of members, are devoted to the relief of the needy."

The order should be reversed and petition dismissed.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Order reversed on the law and petition dismissed, without costs of this appeal to either party. The findings of fact have been examined and affirmed.