Donald S. Taylor, J.
The plaintiff, a domestic corporation, sues in equity to void and cancel of record taxes levied against parcels of real property owned by it on the ground that it qualifies for exemption from taxation under the provisions of subdivision 6 of section 4 of the Tax Law. The members and officers of plaintiff are the principal executives of The New York State College for Teachers, Albany, a unit of the State University of New York.
That college, like many others, has experienced during the last decade a large increase in its student enrollment. Its dormitory facilities have not been expanded by the State of New York at a corresponding rate. To meet the demand for needed housing accommodations, the plaintiff was incorporated in 1950. Presently it operates dormitories whose rooms are rented on a semester basis to students of the college in 18 former private residences in its vicinity, 10 of which it owns, 7 of which it uses without charge under a licensing arrangement with their owner, the State of New York, and 1 of which it leases from the Albany Hospital. Only the taxable status of the premises owned by plaintiff is in issue here.
The plaintiff’s corporate activities also encompass the operation of a so-called bookstore, cafeteria and snack bar located in buildings on the college campus and a food service for students living in its housing facilities and in the residence halls of the dormitory authority. It owns and maintains a student camp located in Warren County. In the fiscal year which ended June 30, 1958 its gross receipts amounted approximately to $600,000. Its net profit from all operations for the same period was $64,987.55. On the date of its incorporation the plaintiff had no capital funds. Its balance sheet of June 30, 1958 indicates that solely through its own operational endeavors it had accumulated net assets of $341,431.92 exclusive of restricted and custodial funds of $19,365.38.
The certificate of incorporation of the plaintiff states: “ 2. The purpose [s] for which it is to be formed are to promote and cultivate social relations among the students and faculty of New York State College for Teachers, a unit of the State University of New York, and to aid the students and faculty of such college *406 Tby assisting them in every way possible in their study, work, living and extracurricular activities.”
Its by-laws provide: “ Section 2. Purposes. The purposes of this Association shall be to promote and cultivate educational and social relations among the students and faculty of New York State College for Teachers, Albany, a unit of the State University of New York, hereinafter called the ‘ College ’, and to aid the students and faculty of the College by assisting them in every way possible in their education and in their study, work, living and extracurricular activities incidental thereto. This Association shall be a non-profit corporation and any net income which may be derived from any of its operations in pursuance of the purposes set forth herein shall not inure to the benefit of any member of the Association but shall be used to promote the educational purposes of the Association or the College.” Subdivision 6 of section 4 of the Tax Law reads in pertinent part: “ The real property of a corporation * * * organized exclusively for * * * benevolent [or] * * * educational * * * purposes * * * or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes ’ ’ shall be exempt from taxation. '
It is clear that the Legislature has imposed two conditions to exempt the real property of a corporation from taxation. One is that it shall have been organized exclusively for one or more of the purposes specified in the statute and the other that the property for which exemption is claimed shall be used exclusively for such purpose or purposes. If either requirement is not established by the evidence, exemption is not in order. (People ex rel. Delta Kappa Epsilon Soc. of Hamilton Coll. v. Lawler, 74 App. Div. 553, 556, affd. 179 N. Y. 535.)
The tax exemption statutes are in derogation of the sovereign authority of the State and must be construed strictly. (People v. Brooklyn Garden Apts., 283 N. Y. 373, 380.) “ Such statutes confer a favor upon the recipients of the exemptions, and before a class of persons or property is relieved from the recognized obligation to pay taxes, no matter how deserving of assistance, it must be shown that both the spirit and the letter of the law have been met.” (Lawrence-Smith School v. City of New York, 166 Misc. 856, 858, affd. 255 App. Div. 762, affd. 280 N. Y. 805.)
The plaintiff contends that it is an educational instrumentality of the State University of New York, that its organizational purposes are exclusively educational and benevolent and that its properties in question have been put exclusively to similar uses during the pertinent taxable periods. The defendants dis *407 pute plaintiff’s right to exemption and urge that neither of the statute’s required correlatives has been established.
The precedents make it abundantly clear that on and off campus dormitories owned by a duly chartered educational institution and used to house its faculty or students have tax immunity. (See, e.g., People ex rel. Clarkson Mem. Coll. v. Haggett, 191 Misc. 621, affd. 274 App. Div. 732, affd. 300 N. Y. 595; Matter of Pace Coll. v. Boyland, 4 N Y 2d 528.) Plaintiff is neither such an institution nor a legal affiliate of one. As a self-governing membership corporation it conducts its own affairs, including the ownership, operation and control of the dormitories in question, with autonomy and entirely independent of the State University. Such practical rapport as may result from the supervision exercised by their common president in respect of the maintenance of good order, proper sanitation and the like in the subject dormitories seems to me to parallel that usually exerted in regard to nearby fraternity and sorority chapter houses used for similar purposes and is not controlling. Nor is it significant in a legal sense that the administrative officers of each are the same persons. Any relationship which exists between the two entities is purely adjunctive. The real property of the plaintiff fails to qualify for tax exemption on the basis of organic affiliation with the State University. (Plattsburgh State Teachers Coll. Assn. v. Barnard, 9 Misc 2d 897, 901.)
It is also plain, I think, that the plaintiff on its own separate merits is not entitled to have its premises exempted from taxation. In my view the thesis that dormitory life and communal dining equip a student in any marked degree to accept future professional social responsibilities and thereby further an educational purpose is illusory.
Equally certain it is that purposes of autonomous corporations whose design is solely to provide facilities for lodging and boarding members of the student body of a college or university and the use of its real property to accomplish such ends, however labeled, have no primary or exclusive relationship to the educational process. Such purposes and uses bear the indicia of business enterprises analogous to the type which is frequently conducted by individuals and social organizations in the vicinity of a college campus. Consistently the courts have held that such individuals and membership corporations so engaged are not entitled to tax immunity. (People ex rel. Mizpah Lodge v. Burke, 228 N. Y. 245; Matter of Mount Tabor Lodge v. Nordstrom, 283 App. Div. 199; People ex rel. Cornell Univ. v. Thorne, 184 Misc. 630; People ex rel. Delta Kappa Epsilon Soc. of Hamilton Coll. v. Lawler, 74 App. Div. 553, supra.)
*408 In the instant ease the magnitude of the annual corporate gross income, the large surplus which has been accumulated in a relatively short period and its reinvestment in the purchase of additional real property strongly suggest purposes which are business and commercial in aspect.* It appears that the rates charged students by plaintiff for room and board in its facilities are substantially the same as those fixed by the dormitory authority for similar accommodations and services. It does not appear that any reduction in cost of room or board has been effected by the application of profits derived from other corporate activities which are essentially of a business character or that any is anticipated. No needy and deserving students seem to have been housed or fed by plaintiff at cost, at less than cost or without cost. In short, none of the requirements which the pertinent authorities deem classic to denote and establish benevolent corporate purposes are demonstrated here. (Cf. People ex rel. Alumna Assn. Mount Sinai Hosp. School of Nursing v. Rizzardi, 273 App. Div. 1024; National Navy Club of New York v. City of New York, 122 Misc. 89, 94; Webster Apts. v. City of New York, 118 Misc. 91, 93, affd. 206 App. Div. 749; Ruling of State Tax Comm, in Matter of Cortland State Teachers Coll. Student Welfare Assn., Sept. 8, 1948.)
Finally, the suggestion contained in plaintiff’s brief that its real property is entitled to exemption under paragraph (k) of subdivision 6 of section 4 of the Tax Law is without merit.
My conclusions of law upon the found facts above stated are that the plaintiff was not organized exclusively for an educational or a benevolent purpose and that its real property is not used exclusively for one or more of such purposes and is therefore not exempt from taxation.
Accordingly, the defendants’ motion for judgment dismissing the complaint on the merits is granted, without costs and that of *409 the plaintiff for judgment voiding the tax liens denied. (Civ. Prac. Act, § 440.)
The following disposition is made of the motions upon which decision was reserved on the trial: defendants’ motions to dismiss the complaint for legal insufficiency, for a nonsuit and to strike plaintiff’s Exhibits 6 and 20 in evidence are denied. (People ex rel. Clarkson Mem. Coll. v. Haggett, 191 Misc. 621, 627, supra.) The ruling on the motion to amend the complaint to include a tenth parcel for exemptive purposes which was granted on the trial is recalled and the motion, although now moot, is denied. (Hunter Coll. Student Social Community & Religious Clubs Assn. v. City of New York, 63 N. Y. S. 2d 337, 346 and cases cited therein.) Appropriate exceptions may be noted.
The foregoing constitutes the written and signed decision of the court upon which a judgment may be submitted and entered.
The papers and exhibits will be forwarded with the signed judgment.

 In his memorandum to plaintiff in which he suggested the incorporation of plaintiff and similar faculty-student associations for each constituent unit of the State University of New York, its counsel in part stated: “These associations have not been designed as money making ventures. The laws under which they are created require that they be non-profit. This would not preclude the making of a small profit from a particular phase of the association’s activities so long as that profit is used to defray losses incurred by the association as a result of other corporate activities * 9 * if, however, there should be any deviation from this policy and undue emphasis placed upon activities of a business character, it may give rise to a contention that [its income tax exemption] should be deemed forfeited. After the Association has built up a small revolving fund it generally will run its affairs on a cost basis so that, as far as possible, it will end each year with neither a profit nor a loss. It must constantly be borne in mind that these associations are fundamentally educational service organizations and not business enterprises.”